CRAIG GREEN ET AL. *v.* HOLY TRINITY
CHURCH OF GOD IN CHRIST ET AL.
(6479)

SPALLONE, NORCOTT and FOTI, Js.

Submitted on briefs September 1—decision released October 25, 1988

*William F. Gallagher* and *Charles R. Douthat* filed a brief for the appellants (defendants).

*Carol A. Brown* filed a brief for the appellees (plaintiffs).

FOTI, J. The defendants, Alton Barnes[1] and the Holy Trinity Church of God in Christ, appeal from the denial of their motion to dissolve or modify an ex parte prejudgment attachment granted pursuant to General Statutes § 52-278e.[2] The defendants claim that the trial court erred in finding that there was sufficient evidence to establish probable cause (1) that the defendants were negligent and that their negligence was the cause of

---

[1] The complaint names Alton Barnes as defendant both individually and as agent for the defendant Holy Trinity Church of God in Christ.

[2] The trial court incorrectly cited "General Statutes § 52-278" as the authority for the prejudgment attachment. Since that statute is inapplicable to this action, we presume the trial court intended to cite General Statutes § 52-278e.

General Statutes § 52-278e provides in pertinent part: "(a) The court or a judge of the court may allow the prejudgment remedy to be issued by an attorney without hearing as provided in sections 52-278c and 52-278d upon verification by oath of the plaintiff or of some competent affiant, that there is probable cause to sustain the validity of the plaintiff's claim and (1) that the prejudgment remedy requested is for an attachment of real property . . . .

"(c) The defendant appearing in such action may move to dissolve or modify the prejudgment remedy granted pursuant to this section in which event the court shall proceed to hear and determine such motion expeditiously. If the court determines at such hearing requested by the defendant that there is probable cause to sustain the validity of the plaintiff's claim, then the prejudgment remedy granted shall remain in effect. If the court determines there is no such probable cause, the prejudgment remedy shall be dissolved. An order shall be issued by the court setting forth the action it has taken."

the named plaintiff's[3] injuries, and (2) that at a trial on the merits, the plaintiffs would recover damages of $1,000,000. We find no error.

The trial court could reasonably have found the following facts. On September 21, 1986, the defendant Barnes hired Green to renovate a garage owned by the defendants and located on Winthrop Avenue, for the purpose of converting it into a church building. On September 27, 1986, Barnes instructed Green to tear down the garage. After Green had taken the roof off the building, he proceeded, at Barnes' request, to remove the garage doors. Green cut the cables to the first two doors without incident, but when he cut the cable to the third door, it fell and struck "something" containing a caustic substance which splashed him causing a burning sensation to his face, eye, lips, neck, leg and penis. Green sustained an injury to his left eye which resulted in a permanent loss of vision and, as of the date of the attachment, incurred $8278 in medical expenses and $11,500 in lost wages. At no time was Green informed that the garage had previously been used for the storage of automobiles, nor was he warned that any danger existed on the premises.

On July 27, 1987, the plaintiffs obtained an ex parte prejudgment remedy to attach the real property of the defendants in the amount of $1,000,000. On October 3, 1987, the defendants moved to modify or dissolve the prejudgment attachment.[4] The trial court held a hearing at which it heard testimony from both plaintiffs and

[3] The named plaintiff is Craig Green (hereinafter Green). The second plaintiff is Craig Green's wife, Terri Green, who is suing the defendants for loss of consortium.

[4] Although the defendants' motion does not indicate whether they rely upon General Statutes § 52-278e or 52-278k, we presume their claim was brought pursuant to § 52-278e and is therefore an appealable final judgment. For a full discussion on the distinction between these two statutes for final judgment purposes, see *Gibbs* v. *Mase*, 11 Conn. App. 289, 292–94, 526 A.2d 7 (1987).

the defendant Barnes, and received evidence of Green's medical reports, medical bills and lost wages. In addition, the court heard evidence in support of the plaintiff Terri Green's claim for loss of consortium. Included in the record, were affidavits submitted by the plaintiffs in support of their ex parte prejudgment attachment.

We have recently examined the trial court's function in considering prejudgment remedy motions: "[T]he trial court 'must evaluate the arguments and evidence produced by both parties.' *Augeri* v. *C. F. Wooding Co.,* 173 Conn. 426, 429, 378 A.2d 538 (1977). The trial court, however, need not make a full and final decision on the . . . plaintiff's . . . claim, as the probable cause hearing 'is not intended to be a full-scale trial on the merits.' Id. Rather, the trial court, in ruling upon the defendant's motion, need only weigh the evidence presented and 'determine probable success by weighing probabilities.' *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 176, 474 A.2d 795 (1984)." *Gibbs* v. *Mase,* 11 Conn. App. 289, 295, 526 A.2d 7 (1987). In addition, the trier of the fact is entitled to draw reasonable inferences based on the facts proven. *Duley* v. *Plourde,* 170 Conn. 482, 486–87, 365 A.2d 1148 (1976).

This court's role in reviewing the trial court's probable cause determination is limited. "In its determination of probable cause, 'the trial court is vested with broad discretion which is not to be overruled in the absence of clear error. *Augeri* v. *C. F. Wooding Co.,* [supra].' *Three S. Development Co.* v. *Santore,* supra." *Soloman* v. *Aberman,* 196 Conn. 359, 364, 493 A.2d 193 (1985). Our role as a reviewing court is limited to determining whether the trial court's conclusion was reasonable, and we may not duplicate the trial court's weighing process. *Babiarz* v. *Hartford Special, Inc.,* 2 Conn. App. 388, 393–94, 480 A.2d 561 (1984). " 'In the absence of clear error, this court should not over-

rule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of the witnesses.' " *Three S. Development Co.* v. *Santore,* supra, quoting *Augeri* v. *C. F. Wooding Co.,* supra. Therefore, at this time, we need only decide whether the trial court's conclusions were reasonable under the "clear error" standard.

From the evidence presented to the trial court, it could reasonably have found the following. Green was hired by the defendant Barnes to perform work on a garage owned by the defendants. The defendant instructed Green as to how to proceed with the work, but never warned him of the dangerous condition that existed on the premises. As a landowner, the defendant had a duty to use reasonable care to maintain the premises, which were under his control, in a reasonably safe condition. Under these circumstances, we conclude that it was not clear error for the trial court to find probable cause and therefore, to deny the defendants' motion to dissolve the prejudgment attachment.

We also must determine whether it was "clear error" for the trial court to refuse to order a modification of the dollar amount of the prejudgment attachment. Again, the plaintiffs are not required to establish their case by a fair preponderance of the evidence but need only show the probable validity of their claim. *Augeri* v. *C. F. Wooding,* supra, 428. See also, *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* 172 Conn. 577, 376 A.2d 60 (1977). In light of the evidence presented to the trial court, we cannot say that its determination was clearly erroneous.

In addition to offering evidence of a permanent loss of vision in his left eye, Green presented evidence of medical expenses, lost wages, pain and suffering, and mental anguish, which he claimed were effects of his

injuries on his personal life. Green's wife testified in support of her claim for loss of consortium. We conclude that the testimonial and documentary evidence was sufficient to support the trial court's probable cause determination and its denial of the motion to modify the prejudgment attachment.

Whether the plaintiffs, in a trial on the merits, will be able to prove they are entitled to damages in the amount of the prejudgment attachment is not the issue now before us. We conclude that the trial court's decision neither to dissolve nor to modify the prejudgment attachment order was not clearly erroneous.

There is no error.

In this opinion the other judges concurred.