DANIEL C. ANDERSON *v.* JOAN V. NEDOVICH ET AL.
(7346)

O'CONNELL, FOTI and JACOBSON, Js.

Argued May 16—decision released June 22, 1989

*Paul D. Williams,* with whom, on the brief, was *Susan J. Barnes,* for the appellant (named defendant).

*Thomas A. Cloutier,* with whom was *Marshall S. Feingold,* for the appellee (plaintiff).

FOTI, J. The named defendant,[1] Joan V. Nedovich, appeals from the judgment denying her motion to dissolve or reduce an ex parte prejudgment attachment pursuant to General Statutes § 52-278e. The sole issue on appeal is whether the trial court erred in finding that probable cause existed to support the validity of the plaintiff's claim. We find no error.

The plaintiff commenced this negligence action against Steven Riter and Joan Nedovich alleging that on March 11, 1988, due to Riter's negligent operation of Nedovich's automobile, Riter caused the car to go out of control. He also alleged that the defendant Nedovich was the registered owner of the vehicle and that Riter was operating the car with her consent and within the scope of her "authorization." As a result of this accident, the plaintiff sustained severe injuries.

Upon commencing this suit, the plaintiff applied for and was granted an ex parte prejudgment attachment on real property of the defendant Nedovich pursuant to General Statutes § 52-278e. The defendant Nedovich moved to dissolve the attachment. After a full hearing, at which the parties stipulated that the sole issue before the court was whether Riter was acting as Nedovich's agent, the trial court denied her motion.

With respect to the relationship between Riter and Nedovich, the trial court found the following facts. At the time of the accident, the defendant Nedovich and her husband, Paul Nedovich, owned two businesses, one in Connecticut and one in Vermont. Riter was employed by the Nedovichs in their Connecticut business. Riter

[1] The other defendant in the underlying negligence action is Steven Riter, who was the operator of the defendant Nedovich's vehicle at the time of the accident. He is not a party to the present appeal.

also shared an apartment with the Nedovich's daughter. While Riter's car was being repaired, Riter was permitted to use the Nedovich's Ford pickup truck which was owned by the family business. Just prior to the accident, Paul Nedovich informed his daughter that he and the defendant Nedovich needed the pickup truck to move furniture and directed her to give Riter the car that she usually drove, a 1982 Plymouth Turismo, so that Riter would have alternative transportation to work over the weekend. This car was owned by and registered to the defendant Nedovich. It was while the defendant Riter was operating this replacement vehicle that the accident occurred.

The trial court determined that the statutory presumption of agency pursuant to General Statutes § 52-183,[2] was applicable and concluded that the plaintiff had "met his burden of demonstrating probable cause to sustain the validity of his claim at this stage of the proceedings."

In determining whether probable cause exists to maintain a prejudgment attachment, the trial court " 'need only weigh the evidence presented and "determine probable success by weighing probabilities." *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 176, 474 A.2d 795 (1984).' " *Green* v. *Holy Trinity Church of God in Christ,* 16 Conn. App. 700, 703, 549 A.2d 281 (1988). " ' "The legal idea of probable cause is a *bona fide* belief in the existence of the facts essential under the law for the action and such as would warrant [a person] of ordinary caution, prudence and judgment,

---

[2] "[General Statutes] Sec. 52-183. PRESUMPTION OF AGENCY IN MOTOR VEHICLE OPERATION. In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption."

under the circumstances, in entertaining it." [Emphasis in original.] *Wall* v. *Toomey,* 52 Conn. 35, 36 (1884). Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false. *Texas* v. *Brown,* 450 U.S. 730, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983).' *Three S. Development Co.* v. *Santore,* [supra, 175]." *L. Suzio Concrete Co.* v. *Salafia,* 3 Conn. App. 404, 407, 488 A.2d 1280 (1985). In addition, the trier is entitled to draw reasonable inferences based on the facts proven. *Green* v. *Holy Trinity Church of God in Christ,* supra.

"This court's role in reviewing the trial court's probable cause determination is limited. 'In its determination of probable cause, "the trial court is vested with broad discretion which is not to be overruled in the absence of clear error." . . .' *Solomon* v. *Aberman,* 196 Conn. 359, 364, 493 A.2d 193 (1985). Our role as a reviewing court is limited to determining whether the trial court's conclusion was reasonable, and we may not duplicate the trial court's weighing process. . . . [W]e need only decide whether the trial court's conclusions were reasonable under the 'clear error' standard." (Citations omitted.) *Green* v. *Holy Trinity Church of God in Christ,* supra, 703–704. In reviewing the trial court's action, we may presume that the trial court acted properly and in rendering its decision, considered all the evidence. *Solomon* v. *Aberman,* 196 Conn. 359, 376, 493 A.2d 193 (1985).

Prior to the hearing, the parties stipulated that the only issue to be determined by the court was whether Riter was acting as Nedovich's agent at the time of the accident, and agreed that for the purpose of the probable cause hearing, the issues of the amount of damages, permissive use and who was operating the car, were not being contested. In rendering its decision that there was probable cause to support the plaintiff's claim of agency, the court applied the statutory presumption

of agency pursuant to General Statutes § 52-183. This section creates a presumption that the operator of a motor vehicle is the owner's agent and places the burden of rebutting the presumption on the defendant. To take advantage of this presumption, the plaintiff must demonstrate that the defendant is the owner of the vehicle. *Scalora* v. *Shaughnessy,* 151 Conn. 252, 254, 196 A.2d 763 (1963).

As a general matter, "[a] presumption in favor of a party, that a particular fact is true, shifts the burden of persuasion to the proponent of the invalidity of that fact, and that burden is met when, by the particular quantum of proof, the validity of the fact has been rebutted. *Holland* v. *Holland,* 188 Conn. 354, 357–58, 449 A.2d 1010 (1982) . . . ." *Anderson* v. *Litchfield,* 4 Conn. App. 24, 28, 492 A.2d 210 (1985). The contradicting evidence required to rebut a presumption must be both sufficient and persuasive. *Katz* v. *West Hartford,* 191 Conn. 594, 603, 469 A.2d 410 (1983). With respect to the agency presumption established by General Statutes § 52-183, because the "existence and scope of permission is a matter peculiarly within the knowledge of the defendant," the defendant's "simple assertion that no consent [to operate the motor vehicle] was ever given," is not enough to overcome the presumption. *Bogart* v. *Tucker,* 164 Conn. 277, 281–82, 320 A.2d 803 (1973). "[T]he statute goes further than merely establishing a presumption in that it definitely places a burden of rebutting it on the defendant. Thus, the presumption does not necessarily vanish on the introduction of any evidence to the contrary. Rather, '[t]he presumption ceases to be operative when the trier finds proven facts which fairly put in issue the question, and the burden of proving that the car . . . was operated by an agent of the owner . . . then rests upon the plaintiff; if no evidence relevant to the issue is produced, or, if countervailing evidence is produced

but the trier does not believe it, the presumption applies, and the plaintiff is entitled to have the issue found in his favor.' [*Koops* v. *Gregg,* 130 Conn. 185, 188, 32 A.2d 653 (1943)]." Id., 282.

At the hearing, the plaintiff established that the car was registered to the defendant Nedovich, that Riter was the operator of the vehicle at the time of the accident and that Riter was an employee of the Nedovichs' company. Having established these facts, the statutory presumption of agency was applicable and it was then the defendant's burden to rebut the presumption.[3] The defendant Nedovich did not present any independent evidence but cross-examined those witnesses presented by the plaintiff. Riter testified that there were no restrictions placed on his use of the pickup truck or the replacement vehicle, and that during the loan period he used the vehicle for all purposes both business related and personal. When the Nedovichs needed the truck they gave him a replacement car. Paul Nedovich testified that Riter's use of the car was limited to going back and forth to work and that he loaned him the Plymouth Turismo solely for the purpose of going to and from work on Sunday. He further testified that he did not tell him to go to Massachusetts. The defendant Nedovich testified that she had no knowledge of Riter's plans to travel to Massachusetts.

As the trier of fact, the trial court could determine what weight, if any, to give to the testimony presented at the hearing. On this record, the trier could have determined that the evidence established to rebut the presumption was not sufficient and persuasive to rebut the presumption; see *Katz* v. *West Hartford,* supra; and could have rejected outright the testimony of Paul and Joan Nedovich. See *Bogart* v. *Tucker,* supra.

---

[3] In view of the applicability of the statutory presumption, it was not necessary, as the defendant Nedovich maintains, for the plaintiff to establish the common law agency elements.

Because the trial court could have chosen not to give significant weight to the evidence produced by the defendant to rebut that presumption, the presumption applied and was sufficient to establish probable cause to sustain the validity of the plaintiff's claim of agency. Whether the plaintiff, in a trial on the merits, will prevail on this issue of agency is not now before us. Accordingly, on this record, we conclude that the trial court's decision not to dissolve the prejudgment attachment on the defendant's property was not clearly erroneous.

There is no error.

In this opinion the other judges concurred.