DAVID LOVESKY *v.* RAFAEL ZELIGZON ET AL.
(7702)

DALY, NORCOTT and FOTI, Js.

Argued September 19—decision released October 17, 1989

*Mark S. Rosenblit,* for the appellant (defendant Arlette Zeligzon).

*Elton B. Harvey III,* for the appellee (plaintiff).

NORCOTT, J. The defendant Arlette Zeligzon, wife of the defendant Rafael Zeligzon, appeals from the denial of her motion to dissolve an ex parte prejudgment attachment granted pursuant to General Statutes § 52-278e. The sole issue in this appeal is whether the trial court erred in concluding that probable cause existed to support the validity of the plaintiff's claim. We find no error.

The trial court could reasonably have found the following facts. The defendant wife, Arlette Zeligzon, is the owner of premises located at 142 Hampton Avenue, West Hartford. The defendant husband, Rafael Zeligzon, is a home improvement general contractor doing business under the name of Rafe's Home Improvement. The plaintiff, David B. Lovesky, is a plumbing and heating subcontractor doing business as D.B.L. Plumbing and Heating.

In December, 1986, the defendant Rafael Zeligzon contracted with the plaintiff for the purchase and installation of plumbing and heating items at 142 Hampton Avenue which was under construction at that time. The contract called for the plaintiff to be paid a total of

$5000, $3750 upon the completion of the rough plumbing and the $1250 balance upon the completion of the entire job. As a result of a dispute between the contracting parties, the plaintiff has not been paid for certain work performed by him under the contract. All of the plaintiff's dealings were with the defendant Rafael Zeligzon. The defendant wife was not a signatory to the contract in question.

In November, 1988, the plaintiff, as a result of the nonpayment, filed a complaint against the defendants for breach of contract, and alternatively, for unjust enrichment. As security therefor, he sought an ex parte prejudgment remedy of attachment against the defendant wife's real estate. That attachment is the subject of this dispute.

On October 20, 1988, the trial court, *Maloney, J.,* granted the plaintiff's application for a prejudgment attachment in the amount of $6000 against the 142 Hampton Street property.[1] Thereafter, on November 29, 1988, the defendant wife moved to dissolve the attachment. The trial court, *Kremski, J.,* held a probable cause hearing at which it heard testimony from the parties and received evidence of the plaintiff's charges for his services. Included in the record was the plaintiff's affidavit in support of his ex parte prejudgment attachment. On January 3, 1989, Judge Kremski denied the motion to dissolve the ex parte prejudgment attachment but reduced the amount of the attachment to $4000. The defendant wife now appeals from that order claiming that the trial court

[1] Both the plaintiff's affidavit in support of the prejudgment remedy and the text of the order incorrectly identify the subject property as "144 Hampton Street, West Hartford." The appendix, "Schedule A," to that order, however, correctly identifies the premises as 142 Hampton Avenue, and, thus, the court will refer to this property by its accurate description.

erred in finding that there was sufficient evidence to establish probable cause to sustain the validity of the plaintiff's claim against her.

In deciding prejudgment remedy motions, the trial court does not hold a full-scale trial on the merits of the plaintiff's claim. *Augeri* v. *C. F. Wooding Co.,* 173 Conn. 426, 429, 378 A.2d 538 (1977); see also *Goodwin* v. *Pratt,* 10 Conn. App. 618, 621, 524 A.2d 1168 (1987). "Rather, the trial court, in ruling upon the defendant's motion, need only weigh the evidence presented and 'determine probable success by weighing probabilities.' " *Gibbs* v. *Mase,* 11 Conn. App. 289, 295, 526 A.2d 7 (1987), quoting *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 176, 474 A.2d 795 (1984). The role of the trial court is to determine whether probable cause exists to maintain the prejudgment attachment. *Green* v. *Holy Trinity Church of God in Christ,* 16 Conn. App. 700, 703, 549 A.2d 281 (1988). " ' "Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false." ' " *Anderson* v. *Nedovich,* 19 Conn. App. 85, 88, 561 A.2d 948 (1989).

In reviewing the trial court's probable cause determination, this court has a limited function. We do not duplicate the trial court's weighing of probabilities of success of the underlying claim, but instead determine whether the trial court's conclusion was reasonable. *Price Saver, Inc.* v. *Maynard,* 5 Conn. App. 90, 91, 496 A.2d 991 (1985); *Babiarz* v. *Hartford Special, Inc.,* 2 Conn. App. 388, 393–94, 480 A.2d 561 (1984). " ' "In the absence of clear error, this court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of the witnesses." ' *Three S. Development Co.* v. *Santore,* supra, quoting *Augeri* v. *C. F. Wooding Co.,* supra." *Green* v. *Holy Trinity Church of God in Christ,*

supra, 704. In accordance with these standards, we conclude that it was not clear error for the trial court to deny the motion to dissolve the attachment.

The defendant wife claims that the trial court erred in its determination that there was probable cause to support the plaintiff's claims of agency, unjust enrichment and quantum meruit. The defendant wife argues that there was no evidence presented at that hearing from which the trial court could reach the legal conclusions necessary to support the attachment. We disagree.

By amended complaint dated December 23, 1988, the plaintiff alleged that the defendant Rafael Zeligzon acted as the agent of his wife in executing the contract for the plaintiff's services on the premises located at 142 Hampton Avenue of which she was the true owner. The plaintiff further alleged that the defendant wife was unjustly enriched by the materials and labor supplied by the plaintiff and that he was entitled to recover damages under the theory of quantum meruit. After receiving the evidence at the probable cause hearing, the trial court denied the defendant wife's motion to dissolve the attachment and concluded that "there was an agreement between the parties for the plaintiff to provide certain plumbing and heating equipment installations into the premises, title to which was in the defendant Arlette Zeligzon."

Our review of the transcript reveals that evidence of agency, unjust enrichment and quantum meruit was clearly presented to the trial court.[2] At the hearing, the court heard testimony (1) that the plaintiff believed Rafael Zeligzon to be the owner of the premises and that Rafael Zeligzon referred to the house as "My house, my property," (2) that the plaintiff initially

[2] The transcript also reveals that both counsel referred to at least two of the issues, agency and unjust enrichment, during their closing arguments.

looked to Rafael Zeligzon for payment because he believed him to be the owner, (3) that the defendant wife considered her husband to be the general contractor who did everything with respect to the construction project, (4) that the wife borrowed money to finance the construction costs of the house that her husband was building for her, (5) that the wife visited the construction site at least once and had first hand knowledge of the plaintiff's work there, and (6) that, as of the date of the hearing, both defendants and their family continued to reside at the premises and to utilize the benefits of the plaintiff's labor and materials. " 'Weighing the evidence and judging the credibility of the witnesses is the function of the trier of fact and this court will not usurp that role.' " *Temple* v. *Meyer,* 208 Conn. 404, 407, 544 A.2d 629 (1988), quoting *Gallo* v. *Gallo,* 184 Conn. 36, 38–39, 440 A.2d 782 (1981). From the evidence presented at the hearing, we find that the trial court could reasonably have concluded as it did.

In support of our conclusion, we note that while the marital relationship does not per se prove an agency relationship; *Botticello* v. *Stefanovicz,* 177 Conn. 22, 26, 411 A.2d 16 (1979); the circumstances of the present scenario might well establish the proof of such a relationship at trial. Also, from the facts adduced at the hearing, we find that the trial court reasonably could have concluded "that the plaintiff may probably be successful in this action" on the equitable theories of unjust enrichment and quantum meruit as well.

The question of whether the plaintiff, in a trial on the merits, will prevail on the issues raised by his claims is not now before us. Our role on review is limited to determining whether the legal conclusions of the trial court were reasonable and have a reasonable basis, not

whether they were correct. See *Babiarz* v. *Hartford Special, Inc.,* supra, 394. The trial court's decision to deny the dissolution of the prejudgment attachment order was not clearly erroneous.

There is no error.

In this opinion the other judges concurred.