[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On September 12, 1991, the plaintiffs, Darlene Plis CT Page 9301 and David Plis, filed a three count action against the defendants, William Dovhan and First Hartford Realty Corporation (hereinafter "First Hartford"), seeking to recover for injuries allegedly suffered by Darlene Plis as a result of a collision involving a motor vehicle operated by Darlene Plis and a motor vehicle operated by Dovhan and owned by First Hartford. In the first count, plaintiff Darlene Plis alleges that the collision was caused by the negligence and carelessness of Dovhan. In the second count, plaintiff Darlene Plis alleges that the collision was caused by the recklessness of Dovhan. In the third count, plaintiff David Plis seeks to recover for the medical expenses he incurred as a result of his wife's injuries. The plaintiffs seek damages, including double or treble damages pursuant to General Statutes 14-295.
On October 7, 1991, Dovhan filed a pro se appearance, but since that time has filed no responsive pleadings. On November 25, 1991, First Hartford filed an answer.
On May 26, 1992, First Hartford filed a motion for summary judgment on the complaint, claiming that "as between it and Darlene Plis, no genuine issues as to any material facts exists [sic]." (Footnote omitted). (First Hartford's Motion for Summary Judgment, p. 1). First Hartford filed a memorandum of law in support of its motion, accompanied by a photocopy of a handwritten statement apparently made and signed by Dovhan, copies of unanswered requests for admissions filed by First Hartford against Dovhan, copies of excerpts from a transcript of the deposition testimony of Michael Sweeney, a purchasing manager at First Hartford, and Sweeney's affidavit.
On June 22, 1992, the plaintiffs filed a memorandum CT Page 9302 of law in opposition to First Hartford's motion, accompanied by copies of excerpts from a transcript of Sweeney's deposition testimony.
Summary judgment is appropriate when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384; see Gurliacci v. Mayer, 218 Conn. 531,562, 590 A.2d 914 (1991). A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. Practice Book 380. The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). Because the burden of proof is on the movant, the nonmovant is given the benefit of all favorable inferences that can be drawn. Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 516,391 A.2d 157 (1978).
The function of the trial court in summary judgment proceedings is not to decide issues of material fact but rather to determine whether any such issues exist. Nolan v. Borkowski, supra; see also Telesco v. Telesco,187 Conn. 715, 718, 447 A.2d 752 (1982). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98
(1986); see Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. State v. Goggin, 208 Conn. 606, 616,546 A.2d 250 (1988); Batick v. Seymour, 186 Conn. 632, 647,443 A.2d 471 (1982); see United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 380, 260 A.2d 596 (1989). A summary disposition "should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Citation omitted). Batick v. Seymour, supra.
First Hartford argues that the plaintiffs cannot, as a matter of law, recover from it as the owner of the CT Page 9303 vehicle because Dovhan did not have First Hartford's permission to drive the vehicle at the time of the collision, and thus Dovhan was not acting within the scope of his employment. First Hartford has submitted a photocopy of a statement dated April 19, 1990, apparently signed by Dohvan, in which he states that he did have permission to drive First Hartford's truck from Windsor to a lot in Manchester, but he did not have permission to use the truck when, after leaving the lot in his own vehicle and running out of gas, he returned to the lot, removed the truck, and then collided with the vehicle driven by Darlene Plis en route to a gas station. First Hartford submitted a copy of unanswered requests for admissions directed to Dovhan, in which First Hartford sought admissions that Dovhan was not operating the truck at the time of the accident as First Hartford's employee or servant, or in the course of his employment, and that he was not operating the truck at the time of the accident with First Hartford's permission. First Hartford claims that because these requests were never answered by Dovhan, they are deemed admitted and the matter is conclusively established pursuant to Practice Book 239 and 240. First Hartford also submitted an affidavit and copies of excerpts of the deposition testimony of Michael Sweeney, a purchasing manager, who stated that Dovhan did not have First Hartford's permission to operate the vehicle at the time of the accident.
First Hartford claims that while in many cases it is for the trier of fact to determine whether a servant is acting within the scope of his employment, in light of all of the evidence described above, this is a case where the acts of the servant are so clearly without the scope of his authority that the question is one of law.
The plaintiffs argue that because of the statutory presumption of agency, General Statutes 52-183, genuine issues of material fact which are to be decided only by the jury remain. The plaintiffs claim that because of the statutory presumption, the evidence submitted by First Hartford does not dispose of the case but rather, if believed by the trier of fact, would shift the burden of proving agency to the plaintiffs. The plaintiffs assert that First Hartford's motion for summary judgment seeks to deprive the plaintiffs of the statutory presumption, and CT Page 9304 that the evidence submitted by First Hartford in support of its motion should be weighed by the trier of facts. The plaintiffs further assert that the court should not consider the affidavit of Michael Sweeney submitted by First Hartford, because excerpts from Sweeney's deposition testimony show that the facts stated in the affidavit are not based on his personal knowledge but rather on information he read in a police report and the report of Dovhan's supervisor. Finally, the plaintiffs argue that to grant summary judgment in First Hartford's favor based upon Dovhan's unanswered requests for admissions would result in an injustice to the plaintiffs because Dovhan has not filed any responsive pleadings, did not attend his scheduled deposition even though he was subpoenaed to appear, nor has he participated in this proceeding in any way since the filing of his pro se appearance. To demonstrate the value of First Hartford's unanswered requests for admissions, the plaintiffs also filed requests for admissions directed to Dovhan in which the plaintiffs seek admissions that Dovhan was operating the truck at the time of the accident as First Hartford's servant, employee or agent in the course of his employment or within his general authority to do so and that Dovhan was operating the truck at the time of the accident with First Hartford's permission. The plaintiffs claim that if Dovhan fails to answer these requests for admissions within thirty days pursuant to Practice Book 239, then these facts are also deemed admitted and conclusively established pursuant to Practice Book 239 and 240 and Dovhan will have been deemed to have admitted that he was operating the vehicle at the time of the accident both with and without the permission of First Hartford. The plaintiffs claim that such a result is clearly to be avoided. Indeed, more than thirty days have passed since the plaintiffs served the requests upon Dovhan, and it appears that Dovhan has neither answered nor objected to the plaintiffs' requests, just as he never responded to those served upon him by First Hartford.
General Statutes 52-183 provides:
 In any civil action brought against the owner of a motor vehicle to recover damages from the negligent or reckless operation of the CT Page 9305 motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption.
To take advantage of this presumption, the plaintiff must demonstrate that the defendant is the owner of the vehicle. Anderson v. Nedovich, 19 Conn. App. 85, 89,561 A.2d 948 (1989); see Scalora v. Shaughnessy, 151 Conn. 252,254, 196 A.2d 763 (1963).
"As a general matter, `[a] presumption in favor of a party, that a particular fact is true, shifts the burden of persuasion to the proponent of the invalidity of that fact, and the burden is met when, by the particular quantum of proof, the validity of the fact has been rebutted. Holland v. Holland, 188 Conn. 354,357-58, 449 A.2d 1010 (1982). . . .' Anderson v. Litchfield,4 Conn. App. 24, 28, 492 A.2d 210 (1985)." Anderson v. Nedovich, supra. "The contradicting evidence required to rebut a presumption must be both sufficient and persuasive." Id., citing Katz v. West Hartford,191 Conn. 594, 603, 469 A.2d 410 (1983).
General Statutes 52-183 "generally precludes the direction of a verdict for the defendant on the basis of the plaintiff's failure to establish agency." Bogart v. Tucker, 164 Conn. 277, 281, 320 A.2d 803 (1973), citing Mitchell v. Resto, 157 Conn. 258, 264, 253 A.2d 25
(1968). "Since the existence and scope of permission is a matter peculiarly within the knowledge of the defendant, the strict rule that any testimony contra ousts the presumption would seem to operate unfairly, since it may enable the defendant to overcome the effect of the presumption by a simple assertion that no consent was ever given." Bogart v. Tucker, supra, 281-82; see Anderson v. Nedovich, supra.
 "[T]he statute goes further than merely establishing a presumption in that it definitely places a burden of rebutting it on the defendant. Thus, the presumption does CT Page 9306 not necessarily vanish on the introduction of any evidence to the contrary. Rather, `[t]he presumption ceases to be operative when the trier finds proven facts which fairly put in issue the question, and the burden of proving that the car . . . was operated by an agent of the owner . . . then rests upon the plaintiff; if no evidence relevant to the issue is produced, or, if countervailing evidence is produced but the trier does not believe it, the presumption applies, and the plaintiff is entitled to have the issue found in his favor.' [Koops v. Gregg, 130 Conn. 185, 188, 32 A.2d 653 (1943)]."
(Emphasis added). Anderson v. Nedovich, supra, 89-90, quoting Bogart v. Tucker, supra, 282. "Clearly, the only basis on which the defendant . . . could succeed in . . . [an] effort to secure a directed verdict, that is, to remove the issue from the jury's consideration, would involve rebuttal evidence of such a nature that it could not rationally be disbelieved." Bogart v. Tucker, supra.
In this case, First Hartford in its answer admits that it is the owner of the vehicle driven by Dovhan which was involved in the collision with the vehicle driven by Darlene Plis. This admission allows the plaintiffs to take advantage of the statutory presumption of General Statutes 52-183. See Anderson v. Nedovich, supra, 89; Scalora v. Shaughnessy, supra.
The evidence presented by First Hartford in support of its motion is evidence which may or may not be believed by the trier of fact and is not "of such a nature that it could not rationally be disbelieved." See Bogart v. Tucker, supra, 282. Because in this case "the existence and scope of permission is a matter peculiarly within the knowledge of the defendant[s];" see Bogart v. Tucker, supra, 281-82; the determination of whether the evidence presented by First Hartford in support of its assertion that Dovhan was operating the vehicle without permission at the time of the accident is "both sufficient and persuasive" enough to rebut the presumption of agency should be left to the trier of fact. See Anderson v. Nedovich, supra, 89, citing Katz CT Page 9307 v. West Hartford, supra; Bogart v. Tucker, supra. Thus, just as General Statutes 52-183 generally precludes the direction of a verdict for the defendant; see Bogart v. Tucker, supra, 281; the statutory presumption in this case similarly precludes the granting of summary judgment in favor of First Hartford. Accordingly, because genuine issues of material fact remain in dispute regarding the existence and scope of Dovhan's permission to operate First Hartford's vehicle, First Hartford's motion for summary judgment is denied.[1]
MARY R. HENNESSEY, JUDGE