[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Priscilla Lauray, has moved for summary judgment claiming that there is no genuine issue as to any material fact and that she is entitled to judgment as a matter of law. Plaintiff alleges that Lauray is liable to him because she was the owner of the automobile operated by co-defendant Tishawn Hunter, which collided with plaintiff's vehicle, causing plaintiff to sustain injury and damage to his vehicle.
On October 2, 1992, plaintiff filed a one-count complaint CT Page 615 against Hunter and Lauray, alleging negligence. On May 21, 1993, Lauray filed a motion for summary judgment in which she claims that she owed no duty to plaintiff and that her conduct was not the proximate cause of his injuries. In support of her motion for summary judgment, Lauray submitted affidavits by herself and her son, Michael Rufus, copies of Hartford Police Department reports and a two-page written statement, dated May 28, 1992, signed by Priscilla Lauray. Plaintiff objected to Lauray's motion, alleging that the assertions in Lauray's affidavits as to whether Hunter was operating Lauray's automobile without her permission conflicted with statements Hunter gave police officers at the time of the collision, and, thus, demonstrated the existence of a genuine issue of material fact. On July 12, 1992, Lauray filed a supplemental memorandum to her motion for summary judgment, which included the affidavit of Geraldine Davis, Michael Rufus' girlfriend, and a copy of a transcript of a taped conversation between Rufus and an insurance adjuster regarding the issue of whether Hunter was operating Lauray's automobile without her permission.
Having reviewed the record of this case, including the pleadings and arguments of counsel the Court finds, for the reasons which follow, that there exists a genuine issue of material fact to be resolved by the fact-finder and that defendant Lauray is not entitled to judgment as a matter of law. Accordingly, her motion for summary judgment is denied.
Facts
On May 4, 1992, at 1:53 p.m., defendant Tishawn Hunter was operating a 1982 Chevrolet Citation, owned by defendant Priscilla Lauray, in a high rate of speed westbound on Love Lane in Hartford, CT. Hunter failed to stop at a stop sign at the intersection of Love Lane and Vine Street and collided with a 1977 Oldsmobile Delta owned and operated by plaintiff, Kristian Brown. Hunter told the Hartford Police officer who responded to the scene of the accident that he had borrowed the Citation from his cousin who was the owner of the car. Hunter also claimed to have been shot at.
Another police officer, who minutes before was investigating a complaint by a citizen of shots fired in the area of Clark and Nelson Street responded to the accident scene. Defendant Hunter told this officer that he had stolen CT Page 616 the Chevy Citation from his cousin, "Ms. Lauray," and that when the owner's live-in boyfriend, "Mike" found out he had taken the car, he [Mike] came upon Hunter at Nelson Street, pulled out a handgun and started shooting at him. The officers observed what appeared to be a fresh bullet hole in the right front door of the Chevy Citation.
Hunter directed the police officers to 899 Garden Street and identified Michael Rufus as the person who shot at him. Initially, Michael Rufus told police officers that Hunter had stolen "his" car earlier in the day and identified the Chevy Citation which collided with plaintiff's vehicle as the one taken. However, when the officer told Rufus that the car was registered to Ms. Lauray and was not listed as stolen in the police computer, Rufus stated that Lauray was his mother and that she had let him use the car. Rufus told the police officer that when he contacts his mother, she would file a stolen car report. On May 28, 1992, Lauray gave a written statement to the Hartford Police Department stating that she had not given Hunter permission to take her automobile.[1]
Contrary to what he told the police on May 4, 1992, however, Michael Rufus states in his affidavit dated May 19, 1993 that he noticed on May 3, 1992, that the Citation keys were missing. On May 4, 1992, he noticed that the car was gone from where it had been parked and he suspected that Hunter had taken the keys and the car. Rufus further states in his affidavit that he immediately notified his mother that her car had been stolen.[2]
Discussion
The Connecticut practice Book (C.P.B.) provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." C.P.B. Section 384. See, Scrapchansky v. Plainfield,226 Conn. 446, 450, 627 A.2d 1329 (1993). While the party seeking summary judgment bears the burden of proving the nonexistence of any material fact, the party opposing it must present evidence showing the existence of a material fact in dispute. Cortes v. Cotton, 31 Conn. App. 569, 572-573, 626 A.2d 1306
(1993). A material fact is "a fact which will make a difference in the result of the case." Hammer v. Lumberman's CT Page 617 Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990) (internal quotation omitted).
In the instant case, plaintiff alleges that defendant Lauray, as owner of the automobile that damaged his vehicle and injured him, is liable to him under an agency theory[3] or pursuant to the family car doctrine.[4] (See, Complaint, 7). Lauray alleges, however, that she is entitled to summary judgment as to the entire negligence claim as it relates to her because co-defendant Hunter was neither her agent, employee or servant nor her family member at the time of Hunter's collision with plaintiff's automobile. Lauray contends that she was not negligent, as a matter of law, because she owed no duty to plaintiff and, duty notwithstanding, her conduct was not the proximate cause of plaintiff's injuries.
Plaintiff, on the other hand, relies on the same accident report submitted by Lauray to support his contention that defendant Hunter was related to Lauray and that he had permission to operate Lauray's automobile on the day in question. He claims that Hunter's statement to police at the accident scene that he borrowed the vehicle from the owner, Hunter's subsequent conflicting statements to police and other conflicting statements in Lauray's evidence in support of her motion for summary judgment actually demonstrate a material fact in dispute as to whether or not Hunter was operating the vehicle with permission of the owner, defendant Priscilla Lauray.
Having reviewed the entire record of this case, the court agrees with plaintiff that there exists an issue of material fact which must be resolved by the trier of fact. Under Connecticut law, the owner of a motor vehicle may be held vicariously liable for the negligence of an operator of the vehicle. General Statutes 52-183 provides that "[i]n any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment." After the plaintiff proves that the defendant is the owner of the vehicle, this statute creates a presumption of agency which must be rebutted by the defendant with sufficient and persuasive evidence. Anderson CT Page 618 v. Nedovich, 19 Conn. App. 85, 89, 561 A.2d 948 (1989). As noted in Anderson v. Nedovich, supra:
 With respect to the agency presumption established by General Statutes 52-183, because the "existence and scope of permission is a matter peculiarly within the knowledge of the defendant," the defendant's "simple assertion that no consent [to operate the motor vehicle] was ever given," is not enough to overcome the presumption. Bogart v. Tucker, 164 Conn. 277, 281-82, 320 A.2d 803
(1973). "[T]he statute goes further than merely establishing a presumption in that it definitely places a burden of rebutting it on the defendant. Thus, the presumption does not necessarily vanish on the introduction of any evidence to the contrary. Rather, `[t]he presumption ceases to be operative when the trier finds proven facts which fairly put in issue the question, and the burden of proving that the car . . . was operated by an agent of the owner . . . then rests upon the plaintiff; if no evidence relevant to the issue is produced, or, if countervailing evidence is produced but the trier does not believe it, the presumption applies, and the plaintiff is entitled to have the issue found in his favor.' [Koops v. Gregg, 130 Conn. 185, 188, 32 A.2d 653 (1943)]." Id., 282.
Id. at 89-90.
Thus, it is for the trier of fact to resolve the factual question of whether consent to operate the vehicle was ever given. To hold otherwise would require the court to assess the credibility of the evidence presented by the defendant to rebut the agency presumption in the context of a motion for summary judgment. However, "In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Cortes v. Cotton, 31 Conn. App. at 575. Accordingly, the issue of whether the plaintiff has rebutted the presumption of agency pursuant to General Statutes 52-183
must be resolved by the trier of fact and not in a motion for CT Page 619 summary judgment.
Conclusion
In light of the foregoing, the Court finds that defendant Priscilla Lauray has failed to meet her burden of proving the nonexistence of any material fact in dispute. The record of the case reflects that there is conflicting evidence as to whether defendant Hunter had permission to operate Lauray's Chevy Citation when it collided with plaintiff's vehicle on May 4, 1992. Accordingly, defendant Lauray's motion for summary judgment is hereby denied.
Dated at Hartford, CT. this 20th day of January, 1994.
BY THE COURT,
Espinosa, J.