[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
FACTS
On February 20, 1991, plaintiff David Hunt ("Hunt") was a passenger in an automobile owned by defendant Rondo Stewart and driven by co-defendant Christopher Holte. At the intersections of Gold Star Highway and Colonel Ledyard Highway in Groton, Connecticut, the car in which Hunt was riding collided with another. As a result of this accident, Hunt brought a seven count complaint against four named individuals, one being Rondo Stewart as owner of the car, seeking compensation for medical expenses and personal injuries. In additional to suing individuals, Hunt also sued certain insurance carriers, including USAA Casualty Insurance Company ("USAA"), the insurer of Stewart's car, under Stewart's uninsured motorist coverage.
By a motion dated July 13, 1994 and filed with the court on July 18, 1994, defendants Stewart and USAA moved for summary judgement. Stewart claims that he is not liable to Hunt for the injuries that Hunt suffered while riding in Stewart's car because Holte, the actual driver of the vehicle, was not a Stewart family member nor acting as Stewart's agent at the time of the accident.
Hunt opposes Stewart's motion on the ground that there is a material issue of fact in dispute as to the agency relationship between Stewart and Hunt. Specifically, Hunt asserts that Holte was driving Stewart's car to get it cleaned, and that Holte had used Stewart's car before.
USAA, in it claim for summary judgement, asserts that the policy issued to Stewart specifically excludes the car in question under the uninsured motorist provision. Holte asserts that it does not.
In addition to filing a timely memorandum of law in support CT Page 613 of its motion, defendants Stewart and USAA have submitted the affidavit of Rondo Stewart as well as a certified copy of the insurance contract in question.
Hunt also filed a timely memorandum in opposition to the motion for summary judgement along with a copy of Hunt's deposition.
DISCUSSION
"Summary judgement is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law. The motion for summary judgement is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829
(1989).
"Pursuant to Practice Book § 384, summary judgement shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law. Although the party seeking summary judgement has the burden of showing the nonexistence of a material fact . . . a party opposing summary judgement must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (citation omitted.) Scinto v. Stamm, 224 Conn. 524, 530,620 A.2d 99 (1993).
In deciding a motion for summary judgement, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Suarez v. DickmontPlastics, Corp. , 229 Conn. 99, 105-06, 639 A.2d 507 (1994).
"In ruling on a motion for summary judgement, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) CT Page 614State v. Gogin, supra, 208 Conn. 616.
"A `genuine issue' has been variously described as a `triable,' `substantial' or `real' issue of fact . . . and has been defined as one which can be maintained by substantial evidence. Hence, the `genuine issue' aspect of summary judgement procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." (Citations omitted; internal quotation marks omitted.) United Oil Co. v. Redevelopment Commission,158 Conn. 364, 378-79, 260 A.2d 596 (1969).
Under the laws of Connecticut if an operator of a vehicle is not the vehicle's owner, there is a rebuttable presumption that the operator is acting as the agent and servant of the vehicle's owner.[1] Furthermore, "[t]he defendant's simple assertion that no consent [to operate the motor vehicle] was ever given, is not enough to overcome the presumption. The statute goes further than merely establishing a presumption in that it definitely places a burden of rebutting it on the defendant. Thus, the presumption does not necessarily vanish on the introduction of any evidence to the contrary. Rather, the presumption ceases to be operative when the trier finds proven facts which fairly put in issue the question , and the burden of proving that the car . . . was operated by an agent of the owner . . . then rests upon the plaintiff." (Citations omitted; internal quotation marks omitted) Brown v. Hunter, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 0516942, (January 20, 1994, Espinosa, J.) quoting Anderson v. Nedovich,19 Conn. App. 85, 561 A.2d 948 (1989).
In his affidavit, the defendant Stewart merely makes the assertion that Holte is not a family member of the Stewart's, nor was he acting as Stewart's agent at the time of the accident. In contrast, Hunt, during his deposition, states that Holte and Hunt were driving the car to get it vacuumed out, and that Holte had gotten the keys from Michelle, the daughter of the owner, Stewart. Hunt also stated that Holte often drove Stewart's car.
Upon review of the above stated material, the court finds that a genuine issue of material fact exists as to the agency relationship or lack thereof surrounding the use of Stewart's car by Holte. CT Page 615
In support of its motion for summary judgement, USAA cites to a section of the policy issued to Stewart entitled "Part C — Uninsured Motorist Coverage." Specifically, USAA relies on the exclusion section of the policy which states in part that, "uninsured motor vehicle does not include any vehicle or equipment: 1. Owned by or furnished or available for your regular use." (Bold in original.)
USAA also cites to the case of Lowery v. Valley Forge Ins.Co., 224 Conn. 152, 617 A.2d 454 (1992), and claims that the facts of that case are indistinguishable from those of the present case and, therefore, the court should grant the motion for summary judgement. In Lowery, the Court specifically upheld the validity of an underinsured motorist clause that excluded a vehicle "owned by, or furnished or available for the regular use of, the named insured." Id. 153.
Hunt, in his brief in opposition to USAA's motion, relies on another section of Stewart's uninsured motorist policy which states in part that, "[w]e [USAA] will pay compensatory damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury . . ." (Bold in original.) Under the definition section of the uninsured motorist part of the policy, a covered person is specifically defined as "[a]ny other person occupying yourcovered auto." (Bold in original.) Thus, Hunt asserts that he is covered under Stewart's policy, and should be allowed to seek compensation.
USAA's reliance on the facts and holding in Lowery is misplaced. The plaintiff in Lowery sought compensation from an underinsured motorist clause of the defendant's insurance contract. In upholding the validity of an exclusion which denied coverage to passengers of an insured vehicle the court noted that:
 Underinsured motorist coverage is first-party coverage and, in that sense, the coverage follows the person not the vehicle. Here, however, the [plaintiffs] have already collected under the liability coverage of the insurer of the [Kozlowski] car. To now collect further under the same insurer's underinsured motorist coverage would be to covert the underinsured motorist coverage into third-party insurance, treating it essentially the same as third-party liability coverage. The policy CT Page 616 definition defining an `underinsured motor vehicle' to exclude a vehicle owned by or regularly furnished or available to the named insured properly prevents this conversion of first-party coverage into third party coverage.
(Citations omitted.) Lowery v. Valley Forge Ins. Co., supra, 224 Conn. 158 (1992).
In the case before the court, Hunt was a passenger in a car that hit or was struck by another vehicle. Lowery involved a one car accident in which the passengers already collected under the liability coverage on the automobile. In Stewart's answer to Hunt's complaint, he specifically denies that he is liable for any injuries suffered by Hunt. Hunt claims in his complaint that one or more of the defendants are underinsured.[2] Thus, perhaps the liability, or a portion thereof rests with the driver and owner of the second car. If so, then Hunt may be able to collect under Stewart's UMC policy if the damages suffered by Hunt exceed the faulty-driver's liability coverage.
For the above stated reasons, USAA's motion for summary judgement is hereby denied.
CONCLUSION
Defendants Stewart and USAA's motion for summary judgement is denied.
Hurley, J.