[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Here the plaintiff, Ishwar Shivdasani ("Shivdasani"), has sued both Veronica Dean ("Dean") and Plastic Distributing Corporation ("Plastic") for personal injuries he alleges to have sustained in an automobile accident on March 8, 1993 with a car driven by Dean and owned by Plastic.
Plastic has now moved for summary judgment on the ground that there is no genuine issue of material fact as to whether it can be held liable for Dean's alleged negligence as the owner of the car.
The plaintiff offers the affidavit of its president, Regis Magnus, which Magnus denies that Dean was ever the plaintiff's employee, but acknowledges that the plaintiff sold her the car which was involved in the accident with Shivdasani and that Dean never registered the car in her own name before the accident.
General Statutes § 52-183 provides:
 In any civil action brought against the owner of a motor vehicle to recover damages from the negligent or reckless operation of the motor vehicle, the operator, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption.
To take advantage of this presumption, the plaintiff must demonstrate that the defendant is the owner of the vehicle.Anderson v. Nedovich, 19 Conn. App. 85, 89, 561 A.2d 948 (1989). "In the case of a privately owned motor vehicle the registration refers to the particular identified car. Such a registration is prima facie evidence — that is, it warrants, although it does not compel, a finding of ownership of the vehicle described in the certificate of registration." Scalora v. Shaughnessy,151 Conn. 252, 196 A.2d 763 (1963).
Since the car involved in the accident was registered in the name of Plastics, there is a genuine issue of material fact as to its ownership and Dean's use of the vehicle. Accordingly, CT Page 13955 the defendant's motion for summary judgment is denied.
McDONALD, J.