[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiffs, Stephen B. Barna and Jean B. Barna, bring this action against the defendant, Mitchell Schreck, a Doctor of Podiatric Medicine, in two counts.
It is claimed that between May 1, 1997 and July 31, 1997, the defendant CT Page 8827 undertook the diagnosis, care and medical treatment of the plaintiff, Stephen Barna.
The plaintiff claims that as a result of improper medical treatment received from the defendant, he has sustained serious, painful and permanent injury, including a gangrene infection, requiring amputation of the right foot.
Stephen Barna alleges that the defendant, Mitchell Schreck, D.P.M., violated the standard of care applicable to him as a health care care provider, as required by § 52-184c(a)[1] of the Connecticut General Statutes.
In support of his contention, the plaintiff produced a report signed by Dr. Michael J. Walker, M.D., dated April 14, 2000 (Exhibit 2), which states that the proper standard of care was not exercised.
The plaintiff, Jean Barna, asserts a claim for loss of consortium in count two of the complaint.
The plaintiffs seek a prejudgment remedy against the defendant, Mitchell Schreck, D.P.M., pursuant to § 52-278c et seq. of the General Statutes.
A hearing was held on April 17, 2000 to determine whether a prejudgment remedy in the amount of $500,000, as requested by the plaintiffs, should be granted.
At the hearing, it was determined, and found by agreement of the parties, that payment of any judgment which might be rendered against the defendant would not be secured by insurance.
The issues presented, therefore, included: (1) whether there is probable cause to believe that judgment will be rendered in favor of the plaintiffs; and (2) whether property of the defendant, located in another jurisdiction, is properly subject to attachment by a Connecticut court.
It is admitted that the defendant owns no interest in any property, real or personal, located within the State of Connecticut.
The plaintiff previously owned property located at 57 Grand Street in Danbury (Exhibit 6), but sold that property in 1999.
The property was listed for sale prior to the closing, and preliminary to the defendant's location to the State of Maryland.
 PROBABLE CAUSE
CT Page 8828
Probable cause, for purposes of the issuance of a prejudgment remedy, is a bona fide belief in the existence of facts essential under the law for a cause of action and such as would warrant a person of ordinary caution, prudence and judgment under the circumstances, in entertaining it. Anderson v. Nedovich, 19 Conn. App. 85, 87-88 (1989). Probable cause involves a flexible, common sense standard, and does not demand that a belief be correct, or that it be more likely true than false. L. SuzioConcrete Co. v. Salafia, 3 Conn. App. 404, 407 (1985); Three S.Development Co. v. Santore, 193 Conn. 174, 175 (1984).
In order to meet this standard, it is not necessary for a plaintiff to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. Ledgebrook Condominium Assn., Inc. v.Lusk Corporation, 172 Conn. 577, 584 (1977).
Measured against this low threshold, the plaintiff, Stephen Barna, has established probable cause sufficient to justify an attachment of property.
No evidence was offered concerning the plaintiff, Jean Barna's derivative claim for loss of consortium, and therefore no finding of probable cause may issue as to her.
 PROPERTY NOT SUBJECT TO ATTACHMENT
Despite the finding of probable cause, the court is unable to order the attachment requested by the plaintiff, in the absence of any property located within the State of Connecticut.
The plaintiff has pointed to no authority which would validate an attachment of real or personal property located in another jurisdiction.
Although property to a non-resident may be attached, pursuant to the provisions of § 52-284, the estate attached must be located within the State of Connecticut.
Although the defendant once owned property in Connecticut, the plaintiff makes no claim that the property was sold or conveyed as part of a scheme to defraud creditors, or to remove property from the state as a means of placing it beyond the reach of creditors.
The application for prejudgment remedy is denied.
Radcliff, J.