MICHAEL R. MAGARIAN *v.* FRANK BESSONI

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued February 4—decided February 23, 1971

*Bernard D. Gaffney,* with whom, on the brief, was *John F. Downes,* for the appellant (defendant).

*Harold J. Geragosian,* for the appellee (plaintiff).

ALCORN, C. J. The plaintiff was a tenant in an apartment house which was owned by the defendant. The tenancy was under a written lease in which the defendant undertook to make repairs. The plaintiff brought this action to recover damages for torn cartilage in his left knee which he suffered in a fall at the exterior entrance door to his apartment. The jury rendered a verdict for the plaintiff which the defendant moved to set aside, and the court's denial of the motion to set aside the verdict is the determinative issue on this appeal by the defendant.

It is the plaintiff's claim that his fall was caused because a device which he described as a "door check" on the outer storm door of the apartment was broken and a "safety chain" was lacking. The decisive issue is whether the broken door check or the lack of a safety chain, or both, was the proximate cause of the fall. The negligent act complained of was the defendant's failure to provide a door check which functioned properly and a safety chain.

The case falls "within the principles of proximate causation that if an accident resulting in an injury would have happened whether or not a particular circumstance was present, that circumstance will not be considered to be a cause of the accident, and that circumstances involved in an occurrence may have so inconsequential an effect in its production that the law will disregard them." *Fabrizi* v. *Golub,* 134 Conn. 89, 98, 55 A.2d 625. The burden rested on the plaintiff to establish that his injury was caused by the claimed negligence of the defendant and to

"remove this issue from the realm of surmise, guess, conjecture and speculation." *Lombardi* v. *J. A. Bergren Dairy Farms, Inc.,* 153 Conn. 19, 25, 213 A.2d 449, and cases cited.

Considering the evidence in the light most favorable to the plaintiff, the jury could have found the following facts to have been established. The plaintiff rented his apartment in August, 1964, and, on two or three occasions in November and December of that year, he notified the defendant's property manager that the front storm door was defective in that the plunger tube of the door check "which was designed to prevent the door from being opened out too far was disconnected, broken and not operating properly so that the door could just randomly swing open and close without any control on it and, second, there was no safety chain installed on the door also to prevent the door swinging out to 180 degrees." The defendant did nothing thereafter to correct the condition complained of. At about 7:30 p.m. on January 16, 1965, the plaintiff started to leave his apartment. The day had been a stormy one, it had been snowing and the wind was blowing with high velocity. The plaintiff opened the inside wooden front door and then started to open the aluminum storm door which was hung so as to swing outward from the building. When he had opened the storm door about a foot, it was caught by the wind and opened violently 180 degrees until it was flattened against the building. The plaintiff was thrown off balance and fell, twisting his knee.

There was no evidence before the jury other than that already quoted to describe what sort of a device the plaintiff was referring to as a "door check." There was no evidence concerning the function which the door check was intended to serve or what

effect it would have when the door was blown by the wind. The only evidence was that the door check "was designed to prevent the door from being opened out too far". There was no evidence concerning the purpose to be served by the safety chain except that it was "to prevent the door swinging out to 180 degrees". The jury could only speculate as to what effect either the door check or the safety chain would have had under the prevailing wind conditions even if they had been installed and were in good working condition. The evidence before the jury was only that the plaintiff was thrown off balance when a wind of high velocity struck the door when the plaintiff had opened it about a foot.

In the absence of some evidence from which the jury could reasonably have concluded that the presence of a properly functioning door check or safety chain would have furnished a safeguard against the force of the high wind velocity with which the plaintiff was confronted, the absence of either device could not properly be found to be a proximate cause of the plaintiff's injury.

The existence of the proximate cause of an injury is determined by looking from the injury to the negligent act complained of for the necessary causal connection. *Collins* v. *City National Bank & Trust Co.,* 131 Conn. 167, 171, 38 A.2d 582. If a defendant's negligence was a substantial factor in causing the plaintiff's injury, the defendant would not be relieved from liability for the injury even though another force concurred to produce it. *Miranti* v. *Brookside Shopping Center, Inc.,* 159 Conn. 24, 29, 266 A.2d 370. The plaintiff, in effect, asked the jury to infer that the absence of a properly functioning door check, or a safety chain, or both, was the proximate cause of his fall. While inferences may

be drawn from circumstantial evidence, the plaintiff was bound to remove the issue of proximate cause from the realm of speculation by establishing facts which afforded a logical and reasonable basis for the inference which he claimed. *Cayer* v. *Salvatore,* 150 Conn. 361, 364, 189 A.2d 505; *Robinson* v. *Southern New England Telephone Co.,* 140 Conn. 414, 419, 101 A.2d 491; *Vastola* v. *Connecticut Protective System, Inc.,* 133 Conn. 18, 21, 47 A.2d 844. This the plaintiff failed to do.

There is error, the judgment is set aside and the case is remanded with direction to grant the motion to set the verdict aside.

In this opinion the other judges concurred.