WAYNE FLEMING ET AL. *v.* WILLIAM BECKER

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and FITZGERALD, Js.

Argued March 10—decided March 22, 1972

*Edward Seltzer,* for the appellant (defendant).

*William F. Gallagher,* with whom, on the brief, was *Cyril Cole,* for the appellees (plaintiffs).

SHAPIRO, J. The defendant William Becker has appealed from a judgment rendered on a verdict in favor of the plaintiffs, limiting his assignments of error to (1) the denial of his motion to set aside the verdict on the ground that it is not supported by the evidence, (2) in denying his motion for judgment notwithstanding the verdict and (3) to a portion of the court's charge to the jury.

The complaint, brought in two counts, described the plaintiffs to be Wayne Fleming, a minor who brought the action by his mother and next friend, Margaret Fleming, and Margaret Fleming and alleged various specifications of negligence which included an allegation that the defendant was negligent in that he operated his "automobile in a reckless and dangerous manner having regard to the width, traffic, and use of said highway, and the weather conditions" in violation of "the motor vehicle laws of the State of Connecticut." The court charged the jury regarding the provisions and application to the circumstances of General Statutes § 14-222 relating to reckless driving. The defendant excepted to this portion of the charge, claiming that the statute had no application because there was no evidence in the case to warrant such a charge. The assignment of error addressed to the charge is to be tested by the claims of proof as they appear in the finding. Practice Book § 635; *Begley* v. *Kohl & Madden Printing Ink Co.,* 157 Conn. 445, 447, 254 A.2d 907; *Intelisano* v. *Greenwell,* 155 Conn. 436, 444, 232 A.2d 490; *Morgillo* v. *Evergreen Cemetery Assn.,* 152 Conn. 169, 177, 205 A.2d 368.

On the trial the plaintiffs claimed to have proved the following: On July 14, 1966, Wayne Fleming, hereinafter called Fleming, was operating his motorcycle on his side of the highway in a southerly direction on Matianuck Avenue in the town of Windsor, while the defendant was operating his automobile on said highway in a northerly direction. When Fleming was thirty to forty feet from the defendant's automobile, the defendant, without any signal or warning, for the purpose of entering a driveway, made a left turn in front of the motorcycle. Fleming applied his brakes and attempted to go to the left and the defendant's vehicle continued into the driveway. The motorcycle skidded a few feet, Fleming lost control of it and fell off, resulting in injuries to him.

On these claims of proof there was an adequate basis for submitting to the jury the issue involving the application of General Statutes § 14-222 and the court was not in error in charging on it.

The remaining assignments of error attack the denial of the defendant's motion to set aside the verdict and the denial of the motion for judgment notwithstanding the verdict. We test the court's action on these rulings on the basis of the evidence printed in the appendices to the briefs. *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* 153 Conn. 422, 427, 216 A.2d 818; *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 498, 208 A.2d 748; *Smith* v. *Housing Authority,* 144 Conn. 13, 14, 127 A.2d 45. The evidence must be given the most favorable construction in support of the verdict of which it is reasonably capable. *Petrillo* v. *Bess,* 149 Conn. 166, 167, 179 A.2d 600; *Kazukynas* v. *N. C. Casciano & Sons, Inc.,* 149 Conn. 1, 2, 174 A.2d 796. From the evidence printed in the appendix to the

plaintiffs' brief, the jury could reasonably have found that the defendant was negligent in the operation of his automobile, that such conduct was the proximate cause of the injuries and losses sustained and was sufficient to establish a basis for the plaintiffs' recovery.

There is no error.

In this opinion the other judges concurred.