RUTH A. BOGART *v.* JANET TUCKER ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 9, 1972—decided January 24, 1973

*Peter C. Dorsey,* for the appellant (defendant Pariseau).

*Henry W. O'Brien,* for the appellant (named defendant).

*Ronald J. Fracasse,* for the appellant (defendant Vincent).

*Robert F. Moran,* for the appellee (plaintiff).

SHAPIRO, J. The plaintiff, Ruth Bogart,[1] instituted this action against the three defendants, Mrs. Janet Tucker, William Vincent and John T. Pariseau, seeking to recover damages for personal injuries sustained in an automobile collision. The jury returned a verdict against all the defendants and judgment was rendered on the verdict which the court refused to set aside. The defendants have appealed.[2]

---

[1] The action was commenced in the name of Ruth Ann Evis. During its pendency she married and amended her complaint to use her married name of Bogart.

[2] The printed record came to us in a state of disarray which could have been obviated by examination by counsel before printing. Only by stipulation of counsel was this court able to reach an understanding as to the claims being made by the various parties. In light of this understanding we have been able to proceed with the consideration of the various assignments of error. Although the exigencies of the situation justified our proceeding in this manner, we regard such a practice with disfavor.

The amended complaint alleged that on or about September 18, 1965, the plaintiff, owner and operator of an automobile, was proceeding westerly along a public highway in the town of Branford; that Pariseau, operating his own automobile, was proceeding westerly behind the plaintiff's automobile; that Vincent, the driver of an oncoming automobile owned by Mrs. Tucker, was operating the car as "her agent, servant and employee and with her permission, express or implied"; that Vincent "suddenly and without warning swerved across the road and struck the plaintiff's automobile, which immediately thereafter was struck by" the Pariseau automobile; that as a consequence of the defendant operators' negligence she was injured. In his answer, Vincent admitted that as Mrs. Tucker's "agent, servant and employee and with her permission, express or implied" he was operating her automobile. All the defendants denied negligence and Mrs. Tucker not only denied that Vincent was operating her automobile as her agent, servant and employee with her permission, express or implied, but also pleaded as a special defense that her automobile "which was being operated by the defendant William Vincent, was taken without the permission or knowledge of the defendant Janet Tucker."

## I

The defendant Vincent's sole assignment of error relates to a ruling on evidence. Such a ruling must be tested by the finding. Practice Book § 648; *Ferreira* v. *Storms,* 159 Conn. 259, 261, 268 A.2d 657; *Schurgast* v. *Schumann,* 156 Conn. 471, 481, 242 A.2d 695; *Grievance Committee* v. *Dacey,* 154 Conn. 129, 150, 222 A.2d 334, appeal dismissed, 386 U.S. 683, 87 S. Ct. 1325, 18 L. Ed. 2d 404; *Casalo* v. *Claro,*

147 Conn. 625, 629, 165 A.2d 153. The plaintiff called as her witness the defendant Vincent who then testified that he was given permission to operate the Tucker automobile. On cross-examination by Mrs. Tucker's counsel he was asked if at any time after the accident he had ever told anyone that he had taken the car without permission and he answered "Yes, sir." Vincent's counsel objected and moved that the answer be stricken on the ground that Vincent was incompetent to give an intelligent response at the time the prior statement was made. The objection was overruled and an exception noted. Counsel for the defendant Tucker resumed cross-examination of Vincent, who stated that, after being rendered unconscious at the scene of the accident, he regained consciousness in the emergency room of a hospital. He testified that five or six men, some of whom were in uniform, asked him questions while he was there. Vincent stated that "one Branford police officer," who, he recalled, was not in uniform, questioned him about the accident. In response to counsel's question: "Did you tell him you had stolen the car?" Vincent stated: "He asked me what had happened. I said I was out for a ride. He said to me 'In other words, you stole the car?' And I said 'Yes.' "

There is no suggestion that Vincent was incompetent to understand and reply truthfully to questions at the time he made the statement to the police officer. His recollection at the trial of the exact words of the policeman's question and of the circumstances attending the inquiry affords an ample basis from which the judge could have found the statement competently and voluntarily made. Serious questions would arise, of course, if the statement were claimed to be the result of compulsion,

duress or threat of violence; but this is not the case presented here. Compare *State* v. *Willis*, 71 Conn. 293, 307, 41 A. 820. To the defendant Vincent's solitary assignment of error we answer that the admitted testimony was properly before the jury both for its probative value and for the purpose of impeaching his credibility as a prior inconsistent statement. *Culetsu* v. *Dix*, 149 Conn. 456, 460, 181 A.2d 116; *Sears* v. *Curtis*, 147 Conn. 311, 315, 160 A.2d 742; *Johnson* v. *Rockaway Bus Corporation*, 145 Conn. 204, 209, 140 A.2d 708; 4 Wigmore, Evidence (3d Ed.) § 1048; 29 Am. Jur. 2d 656, Evidence, § 600.

## II

The defendant Mrs. Tucker claims that the court erred in denying her motion for a directed verdict and in denying her motion to set the verdict aside and render judgment for her notwithstanding the verdict.

At the outset, we note that our so-called agency statute, § 52-183,[3] generally precludes the direction of a verdict for the defendant on the basis of the plaintiff's failure to establish agency. *Mitchell* v. *Resto*, 157 Conn. 258, 264, 253 A.2d 25. The statute creates the presumption that the operator of a car is the agent of the owner, and it places the burden of rebutting the presumption on the owner. Since the existence and scope of permission is a matter pecu-

---

[3] "[General Statutes] Sec. 52-183. PRESUMPTION OF AGENCY IN MOTOR VEHICLE OPERATION. In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of such motor vehicle, the operator, if he is other than the owner of such motor vehicle, shall be presumed to be the agent and servant of the owner of such motor vehicle and operating the same in the course of his employment, and the defendant shall have the burden of rebutting such presumption."

liarly within the knowledge of the defendant, the strict rule that any testimony contra ousts the presumption would seem to operate unfairly, since it may enable the defendant to overcome the effect of the presumption by a simple assertion that no consent was ever given. Indeed, as Chief Justice Maltbie noted in *Koops* v. *Gregg,* 130 Conn. 185, 187, 32 A.2d 653, the statute goes further than merely establishing a presumption in that it definitely places a burden of rebutting it on the defendant. Thus, the presumption does not necessarily vanish on the introduction of any evidence to the contrary. Rather, "[t]he presumption ceases to be operative when the trier finds proven facts which fairly put in issue the question, and the burden of proving that the car . . . was operated by an agent of the owner . . . then rests upon the plaintiff; if no evidence relevant to the issue is produced, or, if countervailing evidence is produced but the trier does not believe it, the presumption applies, and the plaintiff is entitled to have the issue found in his favor." Id., 188.

Clearly, the only basis on which the defendant Tucker could succeed in her effort to secure a directed verdict, that is, to remove the issue from the jury's consideration, would involve rebuttal evidence of such a nature that it could not rationally be disbelieved. The defendant's rebuttal evidence consisted of the testimony of an interested party (the defendant Tucker) in which she claimed she never gave Vincent permission to operate her car, of an impeached witness (the defendant Vincent), and of the police officer to whom Vincent gave the statements discussed in Part I above. It is the function and exclusive province of the jury to pass on the credibility of witnesses. *Rood* v. *Russo,* 161

Conn. 1, 3, 283 A.2d 220; *Henry* v. *Bacon,* 143 Conn. 648, 651, 124 A.2d 913. In effect, the defendant asks this court to substitute its own judgment concerning the credibility of witnesses for that of the jury, which saw and heard the witnesses testify. This court has never arrogated to itself such a power.

There is a plain and simple answer, therefore, to the defendant Tucker's question as stated in her brief: "In the absence of any evidence as to an agency relationship between the defendant, Janet Tucker, and the defendant, William Vincent, and the testimony under oath of both parties as to the absence of such a relationship, can the jury find that such an agency relationship did exist?" Because the jury were at liberty to disbelieve the defendant's testimony, and further because the evidence was such that the statutory presumption would preclude the direction of a verdict against the plaintiff, the jury's verdict as to the defendant Tucker must stand.

## III

The defendant Pariseau makes various claims in his assignment of errors. Dispositive of his appeal are his claims that the court erred in denying his motions for a directed verdict, for judgment notwithstanding the verdict and seeking to set aside the verdict rendered against him. Although the claim that the court erred in denying Pariseau's motion for a directed verdict is not pursued in his brief, we point out that it was unnecessary to appeal both from the denial of that motion and from the judgment on the verdict, as an appeal from the latter includes any error in the court's action on the motion for a directed verdict. Practice Book § 600;

*Rickey* v. *E. H. Jacobs Mfg. Co.,* 142 Conn. 495, 496, 115 A.2d 336; Maltbie, Conn. App. Proc. § 182.

The defendant Pariseau assigns error in the denial of his motion for judgment notwithstanding the verdict and the denial of his motion to set aside the verdict. "We test the court's action on these rulings on the basis of the evidence printed in the appendices to the briefs. *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* 153 Conn. 422, 427, 216 A.2d 818; *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 498, 208 A.2d 748; *Smith* v. *Housing Authority,* 144 Conn. 13, 14, 127 A.2d 45. The evidence must be given the most favorable construction in support of the verdict of which it is reasonably capable. *Petrillo* v. *Bess,* 149 Conn. 166, 167, 179 A.2d 600; *Kazukynas* v. *N. C. Casciano & Sons, Inc.,* 149 Conn. 1, 2, 174 A.2d 796." *Fleming* v. *Becker,* 162 Conn. 563, 565, 295 A.2d 524.

In order to prevail in his attack on the court's refusal to set aside the verdict, the defendant Pariseau must show that the evidence furnished no reasonable basis for the jury's conclusion that he was negligent and that such negligence was a proximate cause of the accident. From the evidence printed in the appendices to the briefs, the jury could reasonably have found the following facts: On the night of the accident, the defendant Pariseau in his car followed the plaintiff's car, going westerly on route 1, a two-lane highway in Branford. The plaintiff was traveling between thirty-five and forty miles per hour. Pariseau's speed was forty miles per hour and his car was seventy-five feet behind the plaintiff's car. He had in mind that due to conditions it would take him ninety feet to stop. The road was wet and extremely slippery. The Tucker car, traveling easterly on route 1 at a high rate of speed, sud-

denly swerved into the path of the Bogart car. The Tucker car struck the plaintiff's car with such an impact that the plaintiff's car was pushed backwards. A few seconds after the impact from the Tucker car, the plaintiff's car and the Pariseau vehicle came into contact. Among the allegations of the plaintiff's complaint, the defendant Pariseau was charged with failing to keep his automobile under control, operating it at too fast a speed for existing conditions, and following too closely. From these facts, the jury could reasonably have found that the defendant Pariseau was negligent in any one or all respects.

The plaintiff was bound, however, to prove not only that Pariseau was negligent in operating his automobile, but that such negligence was a proximate cause of her injuries. She was bound to remove the causal relationship from the realm of speculation. *Palombizio* v. *Murphy,* 146 Conn. 352, 358, 150 A.2d 825. "It is elementary that, in a negligence case, a causal relation between a defendant's wrongful conduct and a plaintiff's injury must be established in order for the plaintiff to recover damages. *Lombardi* v. *J. A. Bergren Dairy Farms, Inc.,* 153 Conn. 19, 22, 213 A.2d 449. The issue of proximate cause presents a question of fact for the trier unless no causal relation between the negligence of a defendant and a plaintiff's injuries can reasonably be found. *McDowell* v. *Federal Tea Co.,* 128 Conn. 437, 440, 23 A.2d 512; *DeMunda* v. *Loomis,* 127 Conn. 313, 315, 16 A.2d 578." *Miranti* v. *Brookside Shopping Center, Inc.,* 159 Conn. 24, 27, 266 A.2d 370. An examination of the evidence in the appendices to the briefs discloses only that the heavy impact caused by the Tucker car threw the plaintiff out of her seat; she was hurled about and ended up lying

across the front seat of her car with her head to the right. While she was in that position, she became aware of contact at the rear of her car but she was unable to observe what was happening. After the initial collision with the Tucker car left her lying across the front seat, she remained in that position until she was removed from the car. The front fender of the Pariseau car was damaged as a result of the contact with the plaintiff's car but the headlight on his car was not broken; the impact between his car and the plaintiff's car was very light.

The appendices are completely devoid of any evidence tending to show that the plaintiff's injuries were in any way causally related to the contact between her car and Pariseau's car. Whether Pariseau's conduct was a substantial factor in causing injury to the plaintiff is "so fundamentally one of fact and inference" that it is one for the trier to determine; *Edgecomb* v. *Great Atlantic & Pacific Tea Co.*, 127 Conn. 488, 492, 18 A.2d 364; but the question of substantiality does not even arise for the jury's decision unless and until the plaintiff has produced evidence from which the jury could find or infer any causal connection whatsoever between the negligence of this defendant and the injuries which the plaintiff has sustained. From the evidence printed in the appendices, the plaintiff's injuries are attributable entirely to the original impact from the Tucker vehicle. There is no evidence which links the injuries for which she seeks compensation with the negligence of Pariseau. Without a claim of proof that the negligence of the two operators concurred to produce the plaintiff's injuries; *Miranti* v. *Brookside Shopping Center, Inc.*, supra, 29; the plaintiff in effect was asking the jury to hold the defendant Pariseau liable for injuries he could

only on the flimsiest speculation have caused. Although inferences may be drawn from circumstantial evidence, the plaintiff was bound to remove the issue of proximate cause from the realm of speculation, surmise or conjecture by establishing facts which afforded a logical and reasonable basis for the inference which she claimed. *Magarian* v. *Bessoni,* 160 Conn. 442, 446, 280 A.2d 357; *Lombardi* v. *J. A. Bergren Dairy Farms, Inc.,* supra, 25, and cases cited. This the plaintiff failed to do. Accordingly, the judgment against the defendant Pariseau must be set aside.

There is error only as to the judgment against the defendant John T. Pariseau, the judgment as to him only is set aside and the case is remanded with direction to render judgment in his favor.

In this opinion the other judges concurred.