[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On March 27, 1991, the plaintiff, Kenya Lanier, filed a three count complaint against the defendants, Jennifer Jones, Charles Hagwood, and Juanita Wright. The plaintiff alleges that on February 18, 1990, she was a passenger in a motor vehicle traveling in a westerly direction on Interstate 95 in Darien when defendant Jones, the driver of the vehicle, lost control of the vehicle. The plaintiff claims that defendant Jones allowed the vehicle to crash into a barrier, light pole, and tree, causing the plaintiff to sustain various injuries and damages. The plaintiff contends that defendant Jones was operating the vehicle with the permission and authority of defendant Hagwood and that defendant Hagwood had been given custody, control, permission, and authority to use and operate the vehicle by defendant Wright.
On February 8, 1993, defendant Hagwood filed a motion for summary judgment as to liability only, together with a memorandum of law in support of his motion. On April 26, 1993, the court (Ballen, J.) denied defendant Hagwood's motion for summary judgment because "`The existence . . . of an agency relationship is ordinarily one of fact to be determined by the trier of fact.'" CT Page 6497-I (Citations omitted.) Lanier v. Jones, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 281498 (April 26, 1993).
On April 30, 1993, defendant Wright filed a motion for summary judgment as to liability only, together with a memorandum of law in support of her motion, a copy of defendant Jones' admissions, a copy of the accident report, a copy of defendant Jones' signed statement, and an affidavit sworn by defendant Wright. To date, the plaintiff has not filed an objection to defendant Wright's motion for summary judgment.
Summary judgment "is a method of resolving litigation when pleadings, affidavits, and other proof submitted show that: the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279, 576 A.2d 829 (1989). Therefore, summary judgment is appropriate when the movant's proof shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Gurliacci v. Mayer, 218 Conn. 531, 562, 590 A.2d 914 (1991). The party moving for summary judgment bears the burden of demonstrating CT Page 6497-J the absence of any material fact. Nolan v. Borowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). The function of the trial court when faced with a summary judgment motion is not to decide issues of material fact but rather to determine whether any material issues of fact actually exist. Id. When ruling upon a motion for summary judgment, the court must view the evidence in a light most favorable to the non-moving party. Catz v. Rubenstein,201 Conn. 39, 49, 513 A.2d 98 (1986). The test is whether a party would be entitled to a directed verdict on the same facts. State v. Groggin, 208 Conn. 606, 616, 546 A.2d 250 (1980).
General Statutes 52-183 creates a rebuttable presumption that an operator of a motor vehicle is the agent of the owner. See Felsted v. Kimberly Auto Services, Inc., 25 Conn. App. 665, 670,596 A.2d 14 (1991); Bogart v. Tucker, 164 Conn. 277, 282,320 A.2d 803 (1973); Koops v. Gregg, 130 Conn. 185, 188, 32 A.2d 653
(1943).
 In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner CT Page 6497-K of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption.
General Statutes 52-183. In the present action, defendant Wright argues that her affidavit, the supporting exhibits, and defendant Jones' admissions demonstrate that there is no genuine issue of fact regarding agency.
"At the outset, we note that . . . 52-183 generally precludes the direction of a verdict for the defendant. . . ." Bogart v. Tucker,164 Conn. 277, 281, 320 A.2d 803 (1973). "Since the existence and scope of permission is a matter peculiarly within the knowledge of the defendant, the strict rule that any testimony contra ousts the presumption would seem to operate unfairly, since it may enable the defendant to overcome the effect of the presumption by a simple assertion that no consent was even given." Id., 281-82.
Furthermore, "in an action to recover damages from an owner CT Page 6497-L of an automobile for the negligent operation of an automobile by an operator other than the owner, the owner could not relieve herself of the statutory burden imposed by section 52-183 of rebutting the presumption that the operator was her agent by affidavit in support of a motion for summary judgment. Rather, she was required to do so by introducing evidence of the facts she claimed to be true at the time of trial." Masse v. Jonah, 27 Conn. Sup. 206,209, 233 A.2d 696 (Super.Ct. 1967). See also Blais v. Granton,2 Conn. L. Rptr. 507, 508 (October 3, 1990, Byrne, J.).
The defendant Wright's motion for summary judgment #119 is denied.
Ballen, J.