[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT
The defendant Agency Rent-A-Car, Inc. has moved that, in light of the Supreme Court's decision in Pedevillano v. Bryon,231 Conn. 265 (1994), the court reconsider its Memorandum of Decision dated September 27, 1994 denying its motions for summary judgment. In Pedevillano, supra, the decision of which was released on October 18, 1994, three weeks after this court's original memorandum of decision in this matter, the Supreme Court held that a lessor of motor vehicles "may impose reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume risk." Id. at p. 270. In doing so, it specifically overruled Fisher v. Hodge, 162 Conn. 363 (1972), upon which this court had expressly relied in reaching its contrary conclusion.
In light of Pedevillano, it is obvious that this court's earlier decision denying summary judgment, to the extent that it was based on Fisher v. Hodge, cannot stand. Based on the undisputed fact that the operator here was not a qualified licensed driver, in violation of the lease agreement, Agency is entitled to summary judgment insofar as the claim against it is based on Connecticut General Statutes Sec. 14-154a. As to No. CV92-1242176S, Fox v. Layden et al, the Motion for Summary Judgment is therefore granted.
As to No. CV92-0242000S, Layden v. Agency Rent-A-Car, Inc.,et al, however, the plaintiff relied not only on the applicability of Sec. 14-154a but also on her allegations of agency in general. In that regard, the initial memorandum of decision noted that although Agency, in its brief, had carefully tracked the elements of common law agency and has found them absent from this case, it overlooked the fact that Connecticut General Statutes, § 52-183 creates a rebuttable presumption that an operator acts as the agent of the owner. Although that statute may have been designed to apply primarily to commercial vehicles, it has been found applicable in other cases as well. See, e.g. Trichilo v. Trichilo, 190 Conn. 774 (1983); Bogart v.Tucker, 164 Conn. 277 (1973). Despite the fact that the materials submitted by Agency in support of its motion suggested that Fox was not acting as Agency's agent, and that there existed CT Page 11528 a strong probability that the statutory presumption could be rebutted, it could not be said that these materials rebutted the presumption of agency so effectively that agency was no longer a fact in dispute. As there is nothing in Pedevillano that would change this conclusion, the motion for summary judgment in Laydenv. Agency Rent-A-Car, Inc. is denied.
Jonathan E. Silbert, Judge