[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT ANNA SIGNORE'S MOTION FOR SUMMARYJUDGMENT
The action arises out of a collision between a motorcycle and an automobile. The plaintiff was a passenger on the motorcycle and she has brought suit against the operator of the motorcycle and both the operator (operator) and the owner (owner) of the automobile. The liability of the owner of the automobile is based on the claim that at the time of the accident her car was being operated by her son as a family car and also that he was acting as her agent.
Before the court at this time is a motion for summary judgment filed by the owner of the automobile claiming that her automobile was not a family car, and that her son was not acting as her agent at the time of the collision, that there is no genuine issue of material fact with respect to either of these claims, and that therefore judgment should enter in her favor as a matter of law. In support of the motion the defendant owner has filed a memorandum of law, her own affidavit, and the deposition of her son, all of which she claims establishes that the car was not owned by her as a family car, and that her son was operating it for his own personal purposes and not as her agent. CT Page 5384
In opposition to the motion the plaintiff has filed a memorandum of law. It is the plaintiff's position that the undisputed facts of this case give rise to the statutory presumption of family car as provided in General Statutes Section 52-182, and the presumption of agency as provided in Section 52-183. The plaintiff then claims that since these presumptions in support of her claim of liability against the owner are in the case, that this results in an issue of fact for the trier and cannot be decided by way of a motion for summary judgment.
The purpose of a motion for summary judgment procedure is "to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial." Orenstein v. OldBuckingham Corp., 205 Conn. 572, 574, 534, A.2d 1172 (1987). Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to all material facts and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; Leesv. Middlesex Ins. Co., 219 Conn. 644, 650 594 A.2d 952 (1991). The party seeking summary judgment "`has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law.'" Suarez v. Dickmont Plastic Corp., 229 Conn. 99,105,) ___ A.2d ___ (1994). The party opposing summary judgment "must substantiate its adverse claims by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connell v. Colwell,214 Conn. 242, 247, 571 A.2d 116 (1990). Nevertheless, "`[m]ere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book Sec. 380.'"Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 579,573 A.2d 699 (1990). The test for the granting of a summary judgment motion is "`whether a party would be entitled to a directed verdict on the same facts.'" Connell v. Colwell, supra, 214 Conn. 247.
The undisputed evidence shows that the owner of the automobile in question was the mother of the operator and that the operator lived with the owner at her home. These facts make the family car statute, and the agency statute, applicable to this case.
 Sec. 52-182. Presumption of family car or motorboat in operation by certain person.
Proof that the operator of a motor vehicle or a motorboat, as defined in section 15-127, was CT Page 5385 the husband, wife, father, mother, son or daughter of the owner shall raise a presumption that such motor vehicle or motorboat was being operated as a family car or boat within the scope of a general authority from the owner, and shall impose upon the defendant the burden of rebutting such presumption. Conn. Gen. Stat. § 52-182.
 Sec. 52-183. Presumption of agency in motor vehicle operation. In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption. Conn. Gen. Stat. § 52-183.
While it is true that if the trier of this case, be it court or jury, were presented with the evidence now before the court on this motion that the trier might find that the automobile was not being operated as a family car and that the operator was not acting as the agent of the owner, it would not be compelled to do so. The evidence offered in support of the motion for summary judgment, even though it has not been contradicted by any opposing evidence, is not of such a compelling nature that it could not rationally be disbelieved by the trier. Whether this in fact is a family car or agency situation is a disputed question of fact for the trier of the facts. O'Dea v. Amodeo, 118 Conn. 58, 65; Bogart v. Tucker,164 Conn. 277, 281.
Accordingly, the motion for summary judgment is denied.
William L. Hadden, Jr., Judge CT Page 5386