[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' JM AUTO AND TONY MORTON'S MOTIONFOR SUMMARY JUDGMENT (NO. 128) AND STEPHEN CHEVROLET-OLDSMOBILE'S MOTIONFOR SUMMARY JUDGMENT (NO. 132.25)
I. FACTS:
The plaintiff, Cynthia Delliber, filed her second revised complaint on March 10, 1995, alleging that on July 3, 1993, the defendant Armando Cruz negligently operated a vehicle causing it to strike the plaintiff resulting in injuries to her. The vehicle, a 1985 Pontiac T1000, is owned by the defendant, Stephen Chevrolet-Oldsmobile, Inc., herein Stephen, and entrusted to the defendant, JM Auto. Tony Morton is alleged to be the president of JM Auto. The plaintiff alleges three causes of action in her complaint against Stephen, JM Auto and Anthony Morton, they are: General Laws § 52-183[1], negligent entrustment and negligence. CT Page 1267-R
Stephen alleges that it loaned the vehicle to JM Auto/Anthony Morton for its exclusive use as a transport vehicle between Stephen and JM Auto whenever a vehicle was left at JM for body-work by a Stephen employee. JM Auto/Anthony Morton allege that although Mr. Cruz worked for JM Auto on a part-time basis, he was not authorized to drive the vehicle in question on the day in question. Both Stephen and JM Auto/Anthony Morton allege that immediately prior to the accident, the vehicle had been inoperable and they were unaware that the vehicle became operable by the time of the accident.
JM Auto and Tony Morton jointly filed a motion for summary judgment (No. 128) seeking the § 52-183 cause of action be dismissed because the complaint failed to alleged that either of them was the owner of the vehicle. It moves the negligent entrustment cause of action be dismissed because it alleges it never entrusted the vehicle to Mr. Cruz. Lastly, it moves the negligence cause of action be dismissed because it alleges they were not aware, nor had any reason to be aware that Mr. Cruz was, incompetent to operate the motor vehicle, thus they were not negligent. Lastly, JM Auto/Anthony Morton allege that Mr. Cruz took the keys without permission and was using the vehicle for his own purposes at the time of the accident.
Stephen Chevrolet-Oldsmobile, Inc. filed its motion for summary judgment (No. 132.25) requesting summary judgment as to Count two of the complaint. Stephen alleges that Mr. Cruz was never an employee, agent or servant of Stephen. Stephen asserts that it has rebutted the statutory presumption § 52-183
creates by virtue of the fact that the vehicle was in the exclusive possession and control of JM Auto/Anthony Morton and Mr. Cruz was the employee of JM Auto, not Stephen. Therefore, Mr. Cruz was not acting as the "agent and servant of the owner of the motor vehicle and operating it in the course of his employment." Stephen further alleges that it did not negligently entrust the vehicle to JM Auto/Anthony Morton or Armando Cruz, the vehicle being authorized only as a transport between the two defendants places of business. Lastly, Stephen alleges that Mr. Cruz took the keys without permission and was using the vehicle for his own purposes at the time of the accident.
II. DISCUSSION:
"Summary judgment shall be rendered forthwith if the CT Page 1267-S pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Miller v. United Technologies Corp., 233 Conn. 732, 745,660 A.2d 810 (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted). Catz v.Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986). "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994); Miller v. UnitedTechnologies Corp., supra 233 Conn. 744. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted, internal quotation marks omitted). New Milford Savings Bank v. Roina, 38 Conn. App. 240,244, 659 A.2d 1226 (1995); Suarez v. Dickmont Plastics Corp.,
supra 229 Conn. 105.
The court notes that the plaintiff's second revised complaint improperly sets forth each cause of action as separate paragraphs within each count. Further the court is surprised that the defendants have not requested that this format be corrected. The current organization made addressing this motion for summary judgment unnecessarily difficult.
A. Count Two against Stephen
1. § 52-183. The revised complaint alleges that "at the time of the incident . . . Armando Cruz, was operating the vehicle in question as the agent, servant and/or employee of this defendant [Stephen] and within the scope of his agency, servitude and/or employment, and that this defendant is liable for the actions of Armando Cruz by virtue of Section 52-183 of the Connecticut General Statutes."
Section 52-183 creates a statutory presumption of agency in the operation of a motor vehicle. However, this presumption may be rebutted by the defendant. Bogart v. Tucker,
CT Page 1267-T164 Conn. 277, 282, 320 A.2d 803 (1973); Felsted v. KimberlyAuto Services, Inc., 25 Conn. App. 665, 670, 596 A.2d 14 (1991). William A. Bristol, Jr., Stephen's service director, states in his affidavit that the vehicle in question was owned by Stephen and used as a "service loaner . . . for the sole use of any service employee of Stephen. When a car was taken from the dealership to JM for body work, the employee used the car to return to the [Stephen] dealership in Granby." Further, he states that "Armando Cruz is not and has never been an employee of Stephen Chevrolet-Oldsmobile, Inc. . . . [nor] did anyone on behalf off Stephen . . . authorize or give permission to Armando Cruz to use or drive this car for any purpose or under any circumstances whatsoever."
The plaintiff has failed to provide any evidence that Mr. Cruz was an employee of Stephen, or that at the time of the accident, Mr. Cruz was operating the vehicle as the agent and/or servant of Stephen and that Mr. Cruz was operating it in the course of his employment. Accordingly, the motion for summary judgment as to this cause of action should be granted.
2. Negligent entrustment. This cause of action alleges that Stephen is "also negligent in its own right in that it entrusted its vehicle to . . . JM Auto and/or Anthony Morton, when it knew or should have known that it was not reasonably safe to do so."
The affidavit of William Bristol, Jr. addresses this count when he stated: "At all times concerned, the 1985 Pontiac T1000 . . . was in the care, custody and control of JM Auto, and had been reported by Antony Morton to Stephen as being inoperable." Further, Mr. Bristol states that since it did not retain control over the vehicle while it was at JM Auto and thus, it was not negligent in entrusting the vehicle to JM Auto, a commercial business.
In Torres v. Flynn, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 382051 (July 9, 1992, Miano, J.), Judge Miano decided that Joseph Swenson, the defendant and owner, successfully rebutted § 52-183's presumption of agency where the defendant stated, by way of an affidavit, that he never gave the operator, Thomas Flynn, permission to use the vehicle involved in an accident with the plaintiff. Additionally, the affidavit stated the Mr. Flynn took the vehicle while the defendant was away on vacation and was using the CT Page 1267-U vehicle for Flynn's own purposes at the time of the accident. The plaintiff attempted to rely on an unsworn statement by a passenger that Flynn told him that he had the defendant's permission to operate the vehicle. The court dismissed this evidence and granted the motion for summary judgment on the § 52-183 count.
Stephen did not authorize Mr. Cruz to operate the vehicle, nor did it retain care, custody and control over the vehicle and had no reason to anticipate it was not reasonably safe to leave the vehicle with JM Auto. The plaintiff has failed to present any evidence that places a question of material fact before this court with regard to this cause of action. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."New Milford Savings Bank v. Roina, supra 38 Conn. App. 244. Even taking the plaintiff's allegations in the light most favorable to him, this court is compelled to grant the motion for summary judgment as to this cause of action.
B. The third count (JM Auto) and fourth count (Tony Morton)
The following discussion will address both JM Auto and Anthony Morton together, with regard to the § 52-183, negligent entrustment and negligence causes of action.
1. § 52-183. The revised complaint alleges that "at the time of the incident . . . Armando Cruz, was operating the vehicle in question as the agent, servant and/or employee of this defendant [JM AUTO and Anthony Morton] and within the scope of his agency, servitude and/or employment, and that this defendant is liable for the actions of Armando Cruz by virtue of Section 52-183 of the Connecticut General Statutes."
Section 52-183 is only applicable to the owner of the vehicle. "In any civil action brought against the owner of a motor vehicle . . ." (Emphasis added.). § 52-183. JM Auto/Anthony Morton assert that since Stephen admits it is the registered owner of the vehicle, § 52-183 is inapplicable to them.
In McElrath v. Loftus, Superior Court, judicial district of Waterbury, Docket No. 116025 (November 14, 1994, McDonald, J.), the court refused to grant summary judgment on the § 52-183 count because the question of ownership was unclear and in dispute. CT Page 1267-V
In Pettway v. Johnson, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 296135 (April 26, 1993, Fuller, J.), the defendant Reaves leased a vehicle from Hertz-Rent-A-Car. Thereafter, Reaves permitted Johnson, his sister, to use the vehicle. The court ruled that § 52-183 was inapplicable to Reaves because he was not the owner of the vehicle, Hertz was, and § 52-183 only applies to the owner.
The express language of the statute precludes its application to non-owners. Similar to Pettway, § 52-183 would not apply to the defendant's since they are not the owners of the vehicle, Stephen having admitted to the ownership of the vehicle. Accordingly, the motion for summary judgment as to this cause of action should be granted.
2. Negligent entrustment. The revised complaint alleges JM Auto and/or Anthony Morton were "negligent in its own right in that it entrusted a vehicle in its custody and control to the defendant, Armando Cruz, when it knew or should have known that it was not reasonably safe to do so."
The plaintiff has presented an affidavit which states that she observed Mr. Cruz operating the vehicle on public streets on two occasions subsequent to the date of the accident. The plaintiff asserts that not only did Mr. Cruz have access to the vehicle, but that JM Auto and Anthony Morton were negligent in entrusting Mr. Cruz with the vehicle. JM Auto and Anthony Morton assert that Mr. Cruz was never given permission to operate the vehicle and deny his operation of the vehicle on multiple occasions. Further, Anthony Morton's affidavit asserts that the vehicle's keys were kept in his office and not provided to Mr. Cruz. Lastly, they assert that Mr. Cruz's job did not include operating the vehicle on public streets. However, they do admit that he did move vehicle around the lot as part of his job.
The plaintiff has presented sufficient evidence that Mr. Cruz had access to the vehicle on multiple occasions, including the date of the accident and that he was permitted to operate some vehicles around the lot. It is not clear what the truth is regarding whether Mr. Cruz's operation of the vehicle was with the permission of the defendant(s) nor whether the vehicle was negligently entrusted to Mr. Cruz. These questions present questions of material fact, precluding the granting of CT Page 1267-W the motion for summary judgment as to Counts 3 and 4, the negligent entrustment cause of action.
3. Negligence. The revised complaint alleges that JM Auto and/or Anthony Morton negligently failed to secure the vehicle, including the keys, thus making the vehicle available to "various sundry people, including the defendant, Armando Cruz."
The plaintiff asserts in her affidavit and complaint that the defendant was negligent by failing to prevent Mr. Cruz access to the vehicle's keys. The plaintiff's affidavit demonstrates that Mr. Cruz has repeatedly gained access to the vehicle's keys and repeatedly operated the vehicle on the public streets.
JM Auto and/or Anthony Morton assert that the keys were never given to Mr. Cruz, nor did his job include driving the vehicle on the public streets. JM Auto and/or Anthony Morton assert that Mr. Cruz was merely responsible for washing and cleaning the cars on the lot and at times he was permitted' to move cars around the lot.
The plaintiff has presented sufficient evidence that Mr. Cruz had access to the vehicle on multiple occasions, including the date of the accident. JM Auto and Anthony Morton' have failed to demonstrate that it is quite clear what the facts are. It is decided that a question of material fact exists as to whether JM Auto/Anthony Morton were negligent in providing Mr. Cruz with access to the keys of the vehicle. Since questions of material facts exist, the court is compelled to deny the motion for summary judgment as to Counts 2 and 3 sounding in negligence.
C. CONCLUSION:
For the reasons herein stated, it is concluded that defendant Stephen Chevrolet-Oldsmobile's motion for summary judgment, ought to be and is hereby granted as to Count two, all causes of action.
For the reasons herein stated, it is concluded that defendant JM Auto and Tony Morton's motion for summary judgment, ought to be and is hereby denied as to Counts three and four, negligent entrustment and negligence; granted as to counts CT Page 1267-X three and four, § 52-183 statutory cause of action.
It is so ordered,
SALVATORE F. ARENA, J.