[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Dee Palazzo, brings this action returnable August 4, 1998 against three named defendants, Stephen Delrose, CT Page 6248 Arthur E. Azzarito Jr., and Caryn Kurland.
On May 29, 1997, the defendant, Caryn Kurland, brought her 1990 Subaru station wagon to Colonial Subaru, Inc. so that the vehicle could be serviced.
While the automobile was in the custody and control of Colonial Subaru, Inc., the defendant, Arthur E. Azzarito Jr., an employee of Colonial Subaru, took the vehicle for a test drive.
The plaintiff, Dee Palazzo, also a Colonial Subaru employee, was a passenger in the station wagon during the drive.
While driving the Kurland vehicle on Federal Road near its intersection with Old Brookfield Road, the defendant, Arthur E. Azzarito Jr., was involved in a collision with a vehicle operated by the defendant, Stephen Delrose.
The plaintiff alleges that both Stephen Delrose and Arthur E. Azzarito Jr. were negligent in the operation of their respective vehicles, and that their negligence caused the collision and resulting personal injuries.
Suit was instituted against the defendant, Caryn Kurland, based solely upon her ownership of the vehicle being operated by Arthur E. Azzarito Jr.
The plaintiff claims that Caryn Kurland is liable vicariously for the negligent operation of her vehicle by the defendant, Arthur E. Azzarito Jr.
The intervening plaintiff, Colonial Automotive Co., Inc., employed the plaintiff, Dee Palazzo, at the time of the collision, and claims to have paid and become obligated to pay moneys pursuant to the Workers' Compensation Act.
On November 11, 1998, the defendant, Caryn Kurland, filed an answer, along with a cross claim directed against the co-defendant, Arthur E. Azzarito Jr.
The cross claim seeks indemnification for any judgment rendered against the defendant, Caryn Kurland, based upon common law principles of indemnification.
The defendant, Arthur E. Azzarito Jr., moves to strike the CT Page 6249 cross claim, arguing that a common law claim for indemnification cannot be maintained as a matter of law.
 STANDARD OF REVIEW
A motion to strike tests the legal sufficiency of a pleading. Practice Book § 10-39; Ferryman v. Groton, 212 Conn. 138, 142
(1989). In ruling on a motion to strike, a court must construe the facts alleged in a pleading in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278 (1988); Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170 (1988).
If facts deemed provable in a complaint would support a cause of action, the motion to strike must be denied. Waters v.Autuori, 236 Conn. 820, 825-26 (1996).
 NO INDEMNIFICATION CLAIM MAY BE MAINTAINED AS A MATTER OF LAW
The plaintiff alleges that the defendant, Caryn Kurland, is liable solely based upon her ownership of the vehicle operated by Arthur E. Azzarito Jr., and not based upon any acts or omissions of her own.
Section 52-183 of the Connecticut General Statutes permits recovery against the owner of a motor vehicle, based upon negligent or reckless operation of a motor vehicle by another, and establishes a presumption of agency:
 In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption.
Since the existence and scope of the statutory presumption represents questions of fact, a directed verdict on the basis of a plaintiff's failure to establish agency is generally precluded.Bogart v. Tucker, 164 Conn. 277, 280 (1973).
The defendant, Caryn Kurland, has set forth in her cross claim the four elements which must be proven to establish a common law claim for indemnification: (1) the other tortfeasor must have been negligent; (2) that negligence must have been the CT Page 6250 direct and immediate cause of the incident; (3) the other tortfeasor was in control of the situation to the exclusion of the party seeking indemnification; and (4) the party seeking indemnification must not have known of the tortfeasor's negligence, had no reason to anticipate the negligence, and had a right to rely upon the other tortfeasor not to be negligent.Kaplan v. Merberg Wrecking Corp. , 152 Conn. 405, 416 (1965);Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74
(1990); Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 697
(1997).
Indemnity suits shift the impact of liability from passive tortfeasors to active ones. Kyrtatas v. Stop Shop, Inc.,205 Conn. 694, 697-98 (1985); Skuzinski v. Bouchard Fuels, Inc., supra, 697.
Those principles, however, find no application here, where the defendants, Arthur E. Azzarito Jr. and Caryn Kurland, are not joint tortfeasors.
The only basis of liability pleaded against the defendant, Caryn Kurland, is found in § 52-183 of the Connecticut General Statutes.
Because the common law cause of action relied upon by the defendant Kurland represents an exception to the general common law rule barring indemnification among joint tortfeasors;Atkinson v. Berloni, 23 Conn. App. 325, 326 (1990); it is not controlling in situations where the parties do not enjoy the status of joint tortfeasors.
The effect of adopting the position advanced by the defendant, Caryn Kurland, would be to invite indemnification claims in every situation in which vicarious liability orRespondeat superior form the basis for liability.
This would include every situation in which the driver of a motor vehicle involved in a collision is not the owner, circumstances where a hospital is held liable for the acts or omissions of an employee acting in the scope of his employment, or cases in which a large corporation is legally responsible for the acts or omissions of an employee.
The court declines to expand the breadth of the common law indemnification principle beyond those situations involving joint CT Page 6251 tortfeasors, to those where claims of vicarious liability orRespondeat superior are advanced.
Although the defendant, Caryn Kurland, may have recourse against Colonial Subaru, Inc., in that her 1990 Subaru station wagon was committed to the care, custody and control of Colonial Subaru at the time of the accident, issues concerning any breach of an implied contract, or the duties of one involved in the bailment of personal property, are not presented in this motion to strike.
Nor is the court called upon to determine whether §52-183 of the Connecticut General Statutes would apply, given the fact that the care, custody and control of the vehicle had been committed to Colonial Subaru, Inc. prior to the accident.
The motion to strike of the defendant, Arthur E. Azzarito, is granted.
Radcliffe, J.