[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 5, 2001, this court issued a memorandum of decision regarding a motion by the defendants, James P. O'Leary and Paul H. O'Leary, as executors of the estate of James J. O'Leary, deceased, to strike the revised complaint that had been filed by the plaintiff, Joy Mycoo. [30 Conn.L.Rptr. 478.]
In that decision, the revised complaint dated April 4, 2001, was reviewed and summarized as follows: "The plaintiff alleges that she was a private home health aide for the decedent during 1999, and until his death in early 2000, and was very friendly with and close to the decedent who, on February 23, 2000, five days before his death, promised in writing to pay her $100,000 on his death. The plaintiff further alleges that the decedent showed this writing to both the plaintiff and to his daughter, Martha O'Leary, and discussed his intention to make such a gift to the plaintiff with both his daughter and the plaintiff, and then gave the document to his daughter. The plaintiff claims that on the day after the decedent's death, the daughter of the decedent gave this written document to the plaintiff, but that the executors have refused to pay her the $100,000 to which she claims she is entitled."
The basis for the motion to strike was the defendants' contention that it is not legally possible to convey a present interest which will only arise at death, nor make either a gift causa mortis or an inter vivos
gift without actually delivering the money. This court denied the motion to strike on the basis that the complaint alleged a cognizable cause of action for a gift causa mortis, including constructive delivery of the note or writing to his daughter who, the day after her father's death, gave it to the plaintiff. The court found, in other words, that donative intent and delivery had been sufficiently alleged, based on the principal that in ruling on a motion to strike, "[t]he court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). CT Page 1452
Pursuant to Practice Book § 17-44 et seq., the defendants have now filed a motion (#127) seeking summary judgment on the ground that there are no genuine issues of material fact and that they are entitled to a judgment dismissing the case as a matter of law. "Summary judgment procedure is designed to dispose of actions in which there is no genuine issue as to any material fact." (Internal quotation marks omitted.)Fraser v. United States, 236 Conn. 625, 639, 674 A.2d 811, cert. denied,519 U.S. 872, 1175 Ct. 188, 136 L.Ed.2d 126 (1996). It is a "method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilsonv. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). It is well-established that "[t]he party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Gaynor v. Payne, 261 Conn. 585, 590-91, 804 A.2d 170
(2002).
In support of their motion for summary judgment, the defendants appended excerpts from a deposition of the plaintiff in which she testified that the decedent was in his den several days before his death and handed her a piece of paper addressed to his daughter, Martha, which said, among other things, that if anything happened to him, he wanted to give the plaintiff $100,000. She further testified that the decedent said he wanted to discuss the matter with his daughter, to whom the writing was addressed, and took back the paper. The plaintiff testified at one point that the decedent put the paper "under his checkbook," and, at another point, "on his checkbook." The plaintiff, as deponent, said that after the decedent died, the daughter told her that the decedent wanted to give the plaintiff "a large bonus" and, at that point, the plaintiff picked up the writing from the decedent's desk and showed it to Martha. The plaintiff, in her deposition, states that the writing, which Martha knew nothing about until the moment that the plaintiff exhibited it to her, "was right at his desk on his checkbook," at the same location it was placed when the decedent took the writing back from her in order to discuss the contents with his daughter.
In her complaint, the plaintiff had alleged that the decedent gave this writing to his daughter, Martha, who, after the decedent's death, gave it to the plaintiff. This delivery to the daughter was determined to constitute a constructive delivery of the gift to the plaintiff, CT Page 1453 construing the facts most favorably to the plaintiff in the context of a motion to strike.
As they did in their motion to strike, the defendants again argue that, as a matter of law, these facts indicate that there had not been a delivery of the gift, a condition precedent to the making of a valid giftcausa mortis.[1] In her affidavit in opposition to the motion for summary judgment, the plaintiff states: "[A]fter looking at the paper, I returned the paper to the decedent, who placed it on his desk in his den. The paper remained on the desk in his den until the decedent died on February 28. At all times after I initially saw the paper and spoke to the decedent the paper remained on the decedent's desk, where I had free access to it, at all times."
Thus, in opposing summary judgment, the plaintiff argues that the writing was given to her and only taken back by the decedent in order that the contents thereof could be discussed with Martha and, in the meantime, had been left in the same accessible location on the decedent's desk where the plaintiff retrieved it after the decedent's death.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). "[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Id., 752. "[A] directed verdict may be rendered only where, on the evidence viewed in the light mostfavorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis in original.) Id. There is a factual issue in the present case for the trier of fact to decide and that is whether, under all the circumstances, there had been a sufficient delivery of the gift to satisfy a prerequisite of a gift causa mortis.
Practice Book § 17-49 provides that a summary judgment may be granted if "there is no genuine issue as to any material fact." "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) United Oil Co. v. Urban Development Commission, 158 Conn. 364,379, 260 A.2d 596 (1969). "Issue of fact encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them." (Internal quotation marks omitted.) Id. Whether the countervailing evidence from the plaintiff regarding delivery of the subject of the gift to her is to be believed is a question for the trier CT Page 1454 of fact; this court cannot "substitute its own judgment concerning the credibility of [the plaintiff] for that of the jury." Bogart v. Tucker,164 Conn. 277, 282, 320 A.2d 803 (1973).
Based on the foregoing, the defendants' motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 29th day of January 2003.
William B. Lewis, Judge