JOHN ENGRAM *v.* CARLTON KRAFT ET AL.
(AC 24209)

Foti, Flynn and McLachlan, Js.

Argued April 19—officially released July 13, 2004

*Deron D. Freeman,* for the appellant (plaintiff).

*Peter G. Barrett,* for the appellee (named defendant).

*Opinion*

FLYNN, J. The plaintiff, John Engram, appeals from the summary judgment rendered by the trial court in favor of the defendant Carlton Kraft.[1] The plaintiff claims on appeal that the court improperly granted the defendant's motion for summary judgment because (1) summary judgment cannot be granted on the basis of a plaintiff's failure to prove agency pursuant to General Statutes § 52-183, (2) there is a genuine issue of material fact as to whether the defendant gave permission to use his vehicle and (3) even if there were no genuine issues of material fact, the harm that resulted from the use of the vehicle was reasonably foreseeable and the defendant was negligent in failing to guard against such use. We reverse the judgment of the trial court because we conclude that the defendant's supporting affidavit and attachments amount to a simple assertion that no permission was given. If disbelieved by a jury, such assertions would not overcome the presumption of agency created by § 52-183, and, therefore, summary judgment improperly was granted in this case. Because we reverse on that ground, we need not address the plaintiff's remaining claims.

The following facts, as set forth in the plaintiff's complaint, and the exhibits attached to the defendant's motion for summary judgment are relevant to the resolution of this appeal. The plaintiff was involved in a motor vehicle accident with the codefendant, Mary

---

[1] Also named as a defendant was Mary Hardy, the operator of Kraft's vehicle. Because Hardy is not a party to this appeal, we refer to Kraft as the defendant.

Hardy, at 8:32 a.m. on May 24, 2001. Hardy was operating a vehicle owned by the defendant when she crossed the center line of Farmington Avenue in West Hartford and struck the front end of the plaintiff's vehicle. According to the police report, Hardy stated that she was traveling east on Farmington Avenue and "the next thing she knew," she collided with the plaintiff's vehicle. She also stated that she had not slept in three days and must have fallen asleep behind the wheel. The defendant's deposition testimony indicates that his former friend, Tara Alexander, a nonparty, had loaned his vehicle to Hardy. The plaintiff brought this action against Hardy, as operator of the vehicle, and against the defendant, as owner of the vehicle. The plaintiff's complaint alleged that the vehicle owned by the defendant was operated by Hardy with the defendant's full knowledge and consent, and that the defendant is liable to the plaintiff pursuant to § 52-183. Section 52-183 provides: "In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption."

The defendant filed a motion for summary judgment, arguing that although Hardy is presumed to be his agent pursuant to § 52-183, he had successfully rebutted that presumption, eliminating all possible issues of material fact. In support of his motion for summary judgment, the defendant supplied the court with an affidavit attesting that he had not known Hardy, the driver, at the time of the accident, had never seen her and was not related to her. He also avowed that he had not given Alexander, his former friend, permission to use his vehicle. The defendant submitted a transcript of his

recorded statement to his insurance company, in which he had stated that Alexander took his vehicle without his permission. He also provided the court with portions of his deposition testimony, in which he testified that Alexander had stolen his checkbook as well as his vehicle and that he had never given her permission to take the vehicle. The defendant also submitted the incident report that he had filed with the Meriden police department at approximately 5 p.m. on the day of the accident, nine hours after it occurred, in which he alleged that Alexander had taken his vehicle without his permission. The report disclosed that the defendant told the police that he wanted Alexander to be arrested for the theft of his vehicle.

The defendant argued, on the basis of the evidence that he had presented, that the court could not find a genuine issue of material fact regarding whether Hardy or Alexander ever had his permission to operate his vehicle. Without his permission, he argued, neither of the two women legally could be found to have been acting as his agents. The court granted the defendant's motion for summary judgment, stating that it had reviewed the defendant's statement to his insurance company, the West Hartford police accident report and the defendant's deposition testimony and affidavit, and reached the conclusion that "[t]he evidence offered by the defendant cannot rationally be disbelieved."

We begin by setting forth the relevant standard of review. "The standard of review of a trial court's decision granting summary judgment is well established. Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the

nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Citation omitted; internal quotation marks omitted.) *Greenwich Hospital* v. *Gavin*, 265 Conn. 511, 518–19, 829 A.2d 810 (2003).

The resolution of this appeal hinges on our determination of the proper application of § 52-183 to the defendant's motion for summary judgment. At the outset, we set forth the well established mechanics of the burdens imposed on the parties by the presumption. "Section 52-183 . . . provides that the defendant, that is, the owner of the vehicle, bears the burden of rebutting the presumption. With respect to the latter provision, [t]his court has repeatedly held that our statute goes further than merely establishing a presumption, in that it expressly places upon the defendant the burden of introducing evidence to rebut the presumption created by the statute. Moreover, that presumption is not ousted simply by the introduction of any evidence to the contrary." (Internal quotation marks omitted.) *Matthiessen* v. *Vanech*, 266 Conn. 822, 837, 836 A.2d 394 (2003). "The presumption ceases to be operative when the trier finds proven facts which fairly put in issue the question, and the burden of proving that the car . . . was operated by an agent of the owner . . . then rests upon the plaintiff; if no evidence relevant to the issue is produced, or, if countervailing evidence is produced but the trier does not believe it, the presumption applies, and the

plaintiff is entitled to have the issue found in his favor." *Koops* v. *Gregg*, 130 Conn. 185, 188, 32 A.2d 653 (1943).

In the present case, the defendant produced his statement to his insurance company, his affidavit, his deposition testimony, the police accident report and the incident report that he filed with the Meriden police to rebut the statutory presumption of agency. The plaintiff argued in opposition to the defendant's motion for summary judgment that, because the court would have to rely solely on the defendant's statements in determining that permission had not been granted for the use of his vehicle, which requires a determination of credibility, summary judgment was inappropriate. The plaintiff did not provide the court with any counteraffidavits and explained to the court at oral argument on the motion that he could locate neither Hardy nor Alexander.

Both parties have cited *Bogart* v. *Tucker*, 164 Conn. 277, 320 A.2d 803 (1973), in support of their arguments as to whether this case properly was disposed of by way of summary judgment. The defendant relies on the following language set forth in *Bogart* in support of his argument that summary judgment properly was granted: "[T]he only basis on which the defendant . . . could succeed in . . . [removing] the issue from the jury's consideration, would involve rebuttal evidence of such a nature that it could not rationally be disbelieved." Id., 282. The court in the present case did not file a formal memorandum of decision, but rather wrote a few explanatory sentences directly on the defendant's motion. In those few sentences, the court stated that, after it had reviewed all of the defendant's supporting evidence, it concluded that the evidence could not "rationally be disbelieved." The defendant argues that the court properly determined that the evidence he provided in support of his motion could not rationally be disbelieved, and, therefore, the issue properly was removed from the jury's consideration. We disagree.

In *Bogart*, the court was presented with the following evidence adduced at trial in support of the defendant's motion for a directed verdict: testimony of the defendant owner, an interested party, that she had not given the defendant driver permission to operate her car, testimony of the defendant driver, who was impeached, and testimony of the police officer to whom the defendant driver gave a statement at the scene of the accident. Id. Our Supreme Court concluded that a directed verdict was not warranted on the basis of that evidence, holding: "It is the function and exclusive province of the jury to pass on the credibility of witnesses. . . . [T]he defendant asks this court to substitute its own judgment concerning the credibility of witnesses for that of the jury . . . . This court has never arrogated to itself such a power." (Citations omitted.) Id., 282–83. A defendant's testimony that he had never granted consent for use of his vehicle apparently was not the type of evidence that the *Bogart* court intended to fall within the category of that which "could not rationally be disbelieved." Id., 282. Rather, such evidence likely would have to demonstrate that it was all but impossible for the defendant to have consented to the use of his vehicle.

Although the defendant in the present case produced several different mediums through which he evinced his denial of consent, we determine that the cumulative force of the evidence resulted in a mere assertion that he never gave consent to Alexander to use his vehicle. The fact that the plaintiff did not produce any evidence to prove an agency relationship is of no consequence. As our Supreme Court articulated in *Koops* v. *Gregg*, supra, 130 Conn. 188, if countervailing evidence is produced to rebut the presumption "but the trier does not believe it, the presumption applies, and the plaintiff is entitled to have the issue found in his favor." We also are guided by our Supreme Court's reasoning in *Bogart*, particularly the following trenchant analysis: "Since the

existence and scope of permission is a matter peculiarly within the knowledge of the defendant, the strict rule that any testimony contra ousts the presumption would seem to operate unfairly, since it may enable the defendant to overcome the effect of the presumption by a simple assertion that no consent was ever given. . . . Thus, the presumption does not necessarily vanish on the introduction of any evidence to the contrary." (Citation omitted.) *Bogart* v. *Tucker*, supra, 164 Conn. 281–82.

The fact that the plaintiff presented no evidence to support his theory of agency does not preclude the issue from being decided by a jury. Rather, it is only after the trier of fact has found that the defendant's evidence is credible that the presumption ceases to operate and the plaintiff is burdened with producing evidence to establish the agency relationship. We conclude that the court in the present case improperly drew its own conclusion as to the credibility of the defendant's testimony rather than submitting the issue to the jury.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.