## ROBERT BERLINGER *v.* MICHAEL KUDEJ
### (AC 30424)

Gruendel, Beach and West, Js.

Submitted on briefs February 17—officially released April 13, 2010

*Jonathan Perkins*, filed a brief for the appellant (plaintiff).

*Kenneth J. Mulvey, Jr.*, and *James D. Hine II* filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Robert Berlinger, appeals from the summary judgment rendered by the trial court in favor of the defendant, Michael Kudej. The plaintiff claims that the court improperly concluded that there was no genuine issue of material fact, thus entitling the defendant to judgment as a matter of law. We reverse the judgment of the trial court.

Viewed in the light most favorable to the plaintiff, the pleadings, affidavits and other proof submitted set forth the following facts. At all relevant times, the defendant possessed and controlled the premises located at 89 Bridgeport Avenue in Shelton (premises). He routinely invited employees of Housatonic Security Services, Inc., including the plaintiff, to enter the premises

to obtain weekly paychecks. On the morning of December 9, 2005, the plaintiff entered the premises to pick up his paycheck. While traversing the driveway therein, the plaintiff slipped and fell on an accumulation of ice, causing him to suffer physical injury, pain and anguish. Litigation followed.

In his complaint, the plaintiff averred that the defendant had "failed to clear from the driveway ice and/or snow which was upon said driveway from precipitation which had fallen prior to December 9, 2005," which allegedly caused the plaintiff's injuries. The defendant thereafter filed a motion for summary judgment on January 16, 2008, alleging that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law. Specifically, the defendant claimed that (1) there was a snowstorm in progress at the time of the plaintiff's fall; (2) no unusual circumstances existed requiring the defendant to remove the snow prior to the plaintiff's fall; and (3) the driveway was clear of any ice when the snowstorm began. The plaintiff filed an opposition to the motion for summary judgment, and the court heard argument on the matter on March 17, 2008. In its April 28, 2008 memorandum of decision, the court rendered summary judgment in favor of the defendant, concluding that no genuine issue of material fact existed. The plaintiff subsequently moved to set aside that judgment and requested reargument, which the court denied. This appeal followed.

The issue in this appeal is whether the court properly determined that no genuine issue of material fact existed. The plaintiff's primary contention is that a genuine issue of material fact exists on whether, as he terms it, he "slipped on old ice." Our review of the documentary evidence submitted to the court leads us to agree with the plaintiff.

Summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 744–45, 660 A.2d 810 (1995). "A material fact is a fact that will make a difference in the result of the case. . . . [T]he burden of showing the nonexistence of any material fact is on the party seeking summary judgment . . . . It is not enough for the moving party merely to assert the absence of any disputed factual issue; the moving party is required to bring forward . . . evidentiary facts, or substantial evidence outside the pleadings to show the absence of any material dispute." (Citation omitted; internal quotation marks omitted.) *Barasso* v. *Rear Still Hill Road, LLC*, 81 Conn. App. 798, 803, 842 A.2d 1134 (2004). Once met, the burden shifts to "the party opposing such a motion [to] provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) *Bednarz* v. *Eye Physicians of Central Connecticut, P.C.*, 287 Conn. 158, 169, 947 A.2d 291 (2008). When deciding a motion for summary judgment, "the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Bellemare* v. *Wachovia Mortgage Corp.*, 284 Conn. 193, 198, 931 A.2d 916 (2007). Because the court's decision on a motion for summary judgment is a legal determination, our review on appeal is plenary. Id., 199.

In the present case, the plaintiff's complaint alleged that the defendant had "failed to clear from the driveway ice and/or snow which was upon said driveway from precipitation which had fallen prior to December 9, 2005." In moving for summary judgment, the defendant claimed, inter alia, that "[t]he driveway was clear of any ice when the snowstorm began." In support of that allegation, the defendant offered the deposition testimony of Joseph Frolish, the owner of Housatonic

Security Services, Inc. Frolish stated under oath that he could not recall any snow or ice on the driveway the day prior to December 9, 2005.[1] The defendant also presented a portion of the plaintiff's deposition testimony in which he stated that he could not recall the last time a snowstorm occurred prior to December 9, 2005.

In opposing the motion for summary judgment, the plaintiff offered his May 11, 2006 affidavit, in which he attested that "[o]n the morning of December 9, 2005, I believe that there was ice on the driveway at the premises where I fell, which ice has been on the ground from prior precipitation" and that "[t]o the best of my recollection, there had been precipitation in the Shelton/Ansonia area within the two days before I fell at the premises and I do not believe that the temperature ever got as high as 35 degrees during that two day period." The plaintiff also submitted portions of his deposition testimony, in which he stated that he had observed isolated patches of ice on the driveway on the Friday prior to his December 9, 2005 fall. The plaintiff further described his December 9, 2005 fall as follows: "[I] started walking down the driveway, got maybe halfway down, my left foot hit a patch of ice and slid maybe a foot and a half, and down on my rear end I went." In that deposition testimony, the plaintiff also detailed his observations of the patch of ice on which he fell.[2]

---

[1] The pertinent part of Frolish's deposition testimony is as follows:

"Q. [D]uring that week that led to December 9, 2005, had you been [at the premises] every day that week?

"A. Yes.

"Q. The driveway and parking areas on that property on the Thursday, the day before—this would be December 8, 2005—was there any snow or ice accumulation on them?

"A. No, not to my knowledge. Not to my recollection, let's put it that way.

"Q. So, the driveway and the parking areas were clear of any ice or snow on December 8, 2005?

"A. As far as I remember, yes."

[2] The plaintiff's deposition testimony included the following colloquy from his direct examination:

"Q. How do you know your foot hit a patch of ice?

The documentation submitted by the defendant and the plaintiff in their pleadings seeking and opposing summary judgment contain conflicting assessments as to whether the driveway contained an icy accumulation prior to the morning of December 9, 2005. As such, a genuine issue of material fact exists. It thus was not for the court to find, as it did in its memorandum of decision, that "[t]he day before the [December 9, 2005] snowstorm there was no snow or ice on the property." Rather, that factual determination belonged exclusively

"A. Because I slid. I'm not going to slide unless you hit ice.

"Q. Did you see a patch of ice?

"A. After I was down I did, yes.

"Q. What did it appear to be?

"A. Looked like just a glaze right on the driveway."

The transcript of the plaintiff's deposition also included the following testimony elicited on cross-examination:

"Q. The ice on which you fell, when did you first see the ice on the driveway?

"A. When did I first see it? I didn't see it until I slipped on it.

"Q. And then when did you see it?

"A. After I was sitting on my rear end on the ground.

"Q. Did you look at it and see it there?

"A. Correct.

"Q. Why were you able to see it then but not before you fell?

"A. Because there was a slight precipitation covering that whole driveway. . . .

"Q. You indicated that after you fell, you noticed . . . approximately a foot and a half of snow had been removed where your left foot slid; is that correct?

"A. Right.

"Q. And where that snow had been removed for that foot and a half, approximately, was it at that point that you saw the ice after you were sitting there and saw the cleared area?

"A. Right, correct.

"Q. The ice that you saw, I think you indicated that it looked like a glaze along the top of the surface of the driveway; is that correct?

"A. Correct.

"Q. And that ice that was on the surface of the driveway, was it under the snow, level with the top of the snow or on top of the snow?

"A. It was under the snow.

"Q. Okay. So, it would be true to say then that the snow was on top of the ice that was on the driveway?

"A. Correct."

to the jury. As our Supreme Court has observed, "[l]itigants have a constitutional right to have factual issues resolved by the jury." *Mather* v. *Griffin Hospital*, 207 Conn. 125, 138, 540 A.2d 666 (1988). Accordingly, "the credibility of the witnesses and the weight to be accorded their testimony is a matter for the jury to decide." *Dacey* v. *Connecticut Bar Assn.*, 170 Conn. 520, 540, 368 A.2d 125 (1976); see also *Engram* v. *Kraft*, 83 Conn. App. 782, 789, 851 A.2d 363 (2004) (in deciding motion for summary judgment, trial court "improperly drew its own conclusion as to the credibility of the defendant's testimony rather than submitting the issue to the jury").

We conclude that a genuine issue of material fact exists as to whether, as the plaintiff's complaint alleges, the defendant "failed to clear from the driveway ice and/or snow which was upon said driveway from precipitation which had fallen prior to December 9, 2005." As such, the court improperly rendered summary judgment in favor of the defendant.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.